NAKER, Respondent, v. TOWN OF TRENTON, Appellant: TOWN OF JACKSON and another, Defendants.*

*No. 298. Submitted under sec. (Rule) 251.54 February 6, 1974.—Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 38 and 217 N. W. 2d 665.)

---

* Motion for rehearing denied, without costs, on May 7, 1974.

The cause was submitted for the appellant on the briefs of *Wickert & Fuhrman*, attorneys, and *Charles Saggio* of counsel, all of Milwaukee, and for the respondent on the brief of *Kraemer, Binzak & Sylvan, S. C.*, attorneys, and *Joseph J. Esser* of counsel, all of Menomonee Falls.

CONNOR T. HANSEN, J.  Illa N. Naker (hereinafter referred to as plaintiff) commenced this action as a result of injuries she allegedly sustained when her automobile failed to negotiate a turn at the T-intersection of State Trunk Highway 143 and South Oak Road in Washington county.  The town of Trenton (hereinafter Trenton) demurred to the plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action.  The trial court overruled the demurrer, and Trenton has appealed from that order.

South Oak Road is a public highway in Trenton which runs generally in a north-south direction and intersects and ends at State Trunk Highway 143, thereby comprising the T-intersection which was the scene of this accident.  The complaint alleged that on August 14, 1969, at

approximately 6:30 a. m., the plaintiff was driving in a southerly direction on South Oak Road in a reasonable and prudent manner; that she approached Highway 143 but failed to see any indication that South Oak Road ended at that point; that a stop sign was erected at the intersection but could not be properly observed because brush and trees were beginning to grow to a height of six feet and higher in the vicinity of the sign; that no warning signs existed at that time on South Oak Road to warn drivers that they were approaching a stop sign as they neared the intersecting Highway 143; that Trenton exercises jurisdiction over and has responsibility for the maintenance of streets within the town and the traffic signals on those streets.

The complaint further alleges that the plaintiff failed to observe the stop sign and as a result of this failure and the negligence of the defendants, she was unable to stop her vehicle and she continued on through the intersection, across Highway 143, and off the highway, sustaining various personal injuries.

While Trenton demurred to the complaint, Washington county answered and cross-complained against Trenton, and the town of Jackson apparently has not filed a pleading.

Trenton argues, on appeal, that "[t]he complaint fails to allege that the stop sign was erected by the Town of Trenton or that Trenton undertook to maintain it . . . or that plaintiff, because of previous knowledge thereof, relied on the existence of any signs." In overruling Trenton's demurrer, the trial court relied upon the oft reiterated rule of this court that upon demurrer, pleadings are to be liberally construed.

"When a complaint is challenged by demurrer as to its sufficiency the general rule is that it should be liberally construed and upheld if it expressly or by reasonable inference states any cause of action." *Estate of Mayer* (1965), 26 Wis. 2d 671, 675, 133 N. W. 2d 322.

In *Firkus v. Rombalski* (1964), 25 Wis. 2d 352, 358, 130 N. W. 2d 835, it was recognized, in a similar situation, as follows:

". . . The town had no affirmative duty to erect the sign in the first instance, but having done so it was incumbent upon it to properly maintain the sign as a safety precaution to the traveling public which has the right to rely on its presence. . . ."

The rule of *Firkus* was recently reaffirmed in *Chart v. Dvorak* (1973), 57 Wis. 2d 92, 101, 203 N. W. 2d 673.

Trenton argues that *Firkus* is inapplicable because no warning sign was erected (thus no corresponding duty to maintain it was created) to advise drivers of the upcoming intersection, and that "[b]ecause of the alleged invisibility of the stop sign, with no allegation that it once was visible, it should be treated as if none ever existed." This argument fails. If brush was allowed to obscure the visibility of the sign, by reasonable inference one must conclude that it was at one time visible.

Trenton also argues that plaintiff's excessive speed was the cause of the accident, but this is a fact to be determined at trial.

*By the Court.*—Order affirmed.

ROBERT W. HANSEN, J. *(dissenting)*. The writer finds no duty owed by the town of Trenton to the driver who failed to negotiate the turn at a T-intersection.

In the absence of the element of reliance, the case does not come within the ruling in *Firkus*. (*Firkus v. Rombalski* (1964), 25 Wis. 2d 352, 130 N. W. 2d 835.) The *Firkus Case* involved a two-car collision. Firkus was driving on what he thought was an arterial highway. He knew he was approaching an intersection, but knew that there was a stop sign for cross traffic approaching the intersection. What he did not know was the stop sign had been stolen by vandals and had not yet been replaced

by the town of Hull. Rombalski did not stop at the intersection, and the two cars collided. This court held that, while there was no duty on the part of the town to place a stop sign at the intersection, where it had put up a stop sign and the plaintiff had relied upon the sign being there to slow and stop approaching vehicles, the town did have a duty to maintain the sign. Limiting this duty to keep up what one did not have to put up, this court said: ". . . It is the creation of the right of reliance and its protection which is the basis of the duty. This is not unlike the doctrine of equitable estoppel in the field of contracts. . . ." (*Id.* at page 359) The right of reliance thus created is a reliance upon the warning sign being there to require the other and approaching motorist to stop before proceeding. In the case before us, there is no claim of reliance, there was no other motorist involved and the plaintiff's only claim is that a stop sign would have slowed her down so that she might have seen what she should have seen anyhow—that the road on which she was driving did not proceed beyond the T-intersection.

In the absence of noncompliance with a legislative direction, the case does not come within the holding in *Chart.* (*Chart v. Dvorak* (1973), 57 Wis. 2d 92, 102, 203 N. W. 2d 673.) The *Chart Case* involved the location of a highway warning sign that did not strictly conform to the 750-foot requirement of the state highway commission. At the least, a question of fact was presented as to whether the footage requirement of the legislative direction of the state highway commission was complied with. Summary judgment was denied because such question of fact existed as to ". . . [w]hether or not the signs were placed in conformance with the highway commission's specifications . . . ." In the case before us, there is no such question of fact presented. There is no claim of a statutory duty, deriving from the specifications and re-

quirement of the safety rules of the state highway commission. There is no way to put *Firkus,* requiring reliance, and *Chart,* based on noncompliance with a legislative safety requirement, together to create a basis for liability where neither reliance nor noncompliance with a safety directive is involved.

There being neither reliance nor noncompliance with a legislative direction of the state highway commission, this case is controlled by the summarization of applicable law in *Dusek. (Dusek v. Pierce County* (1969), 42 Wis. 2d 498, 500, 167 N. W. 2d 246.) The *Dusek Case* involved a two-car collision at a T-intersection. The allegation of the complaint was that vision of the T-nature of intersection was ". . . obscured by a hill to the north of the intersection and by mounds of earth, and that, in addition, there was a failure to erect signs that warned of a hazardous intersection." The case holds that, as a matter of law, there is no duty imposed upon the county to erect signs warning of the approach of oncoming traffic at a T-intersection. As to maintenance of traffic control signals, *Dusek* cites *Raisanen (Raisanen v. Milwaukee* (1967), 35 Wis. 2d 504, 151 N. W. 2d 129) holding the city's decision, right or wrong, in programming its traffic control sequence was not actionable negligence. That program-planning decision, the *Raisanen Case* makes clear, ". . . conformed in all respects to the statutes and the rules of the highway commission . . . ." (*Id.* at page 514) If it did not, and only if it did not, the *Chart* rule would apply. As to duty to erect a sign versus the duty to maintain it, *Dusek* states at pages 505, 506:

". . . Although in *Firkus v. Rombalski, supra,* we held that it was negligent for a municipality to fail to replace a warning sign that had been in existence, *we found the negligence to be similar to* the doctrine of *equitable estoppel.* We particularly stated, *Firkus, supra,* page 358:
" 'The town had no affirmative duty to erect the sign in the first instance, but having done so it was incumbent

upon it to properly maintain the sign as a safety precaution to the traveling public which *has the right to rely on its presence.'*

" . . . Although there is a duty, *as spelled out in Firkus,* to maintain signs once they are placed, there is no duty upon the legislative body of a government to place them at a highway intersection in the first place." (Emphasis supplied.)

The italicized references make clear that the duty to maintain a traffic warning or stop sign, either against obscurement by foliage or by replacement following theft by vandals, is owed only to a motorist who has come to rely and has reason for reliance upon the sign, once installed, being maintained. There is no similarity to the doctrine of equitable estoppel and not establishing that one has "the right to rely on its presence" where this plaintiff claims entitlement to an observable sign requiring her to stop as she approached a T-intersection. Rather the similarity is to the rejected claim of the plaintiff in *Dusek* of an entitlement to a sign slowing or stopping his progress into a T-intersection. In the absence of the reliance required by *Firkus* and the noncompliance with a safety regulation or requirement present in *Chart,* the writer would find no duty on the part of the town of Trenton, owed to this plaintiff, either to erect or maintain a stop sign at the T-intersection. So the writer would reverse and remand, with directions to sustain the demurrer of the town of Trenton.

I am authorized to state that Mr. Justice BRUCE F. BEILFUSS joins in this dissent.

The following opinion was filed May 7, 1974.

PER CURIAM *(on motion for rehearing).* The briefs upon rehearing indicate that we might not have made clear the rationale of our decision.

Upon *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, we abolished all forms of governmental

immunity for negligence, retaining it only when the governmental body was engaged in either a judicial or legislative activity. *Holytz*, page 40.

Under *Firkus v. Rombalski* (1964), 25 Wis. 2d 352, 358, 130 N. W. 2d 835, we held that whether a town chose to erect a traffic sign was a legislative matter—and there was governmental immunity in respect to the locating of the sign. Once the decision is made and the sign is erected, the legislative function is terminated and the doctrine of *Holytz* that imposes liability for want of ordinary care takes over. A sign once erected by legislative action must be properly maintained, and the failure to properly maintain it may be negligent. *Firkus* contained that element of the present decision, *i.e.*, failure to maintain a sign once erected is negligence. In *Firkus*, an additional matter was discussed—the reliance of one who was a regular user of the road that the stop sign on the intersecting street was properly maintained. That element of reliance is not present in this case. In *Firkus*, the reliance of the user of the highway that the sign would be there was an element of causation.

The question of reliance is not in the present decision. Here the allegation the town failed to maintain a sign that had been erected was sufficient to spell out a demurrer proof cause of action.

The dissent is correct in stating that the case does not come within the element of reliance utilized by this court in reaching its decision in *Firkus*. We hold only that the failure to maintain a sign once erected is negligence. Whether such negligence was a substantial factor in causing the damages remains a question for the jury.