**Stanley C. JONES, By and Through his guardian, Raylene P. JONES, Plaintiff and Appellant,**

**v.**

**BOUNTIFUL CITY CORP., a municipal corporation; and Rowena E. Beavers, Defendants and Appellees.**

**No. 910602–CA.**

Court of Appeals of Utah.

May 13, 1992.

---

**5.** Utah Code Ann. § 57–1–32.

or prohibition is not part of the time limited for the commencement of the action.

**6.** 11 U.S.C. § 362.

Ronald E. Dalby, Matthew J. Storey, Brian S. King (argued), Goicoechea Law Offices, Salt Lake City, for plaintiff and appellant.

Layne B. Forbes, Russell L. Mahan, Bountiful, for defendant and appellee Bountiful City Corp.

Darwin C. Hansen, Morgan & Hansen, Salt Lake City.

Before BILLINGS, JACKSON and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Plaintiff Stanley C. Jones (Jones) appeals the trial court's denial of his Rule 56(f) motion to delay the court's ruling on defendant Bountiful City Corporation's (Bountiful) motion for summary judgment and the court's entry of summary judgment in favor of Bountiful. We affirm.

## FACTS

On September 13, 1987, Jones was driving a motorcycle eastbound on Beverly Way in Bountiful, Utah. As Jones entered the intersection of Beverly Way and 1200 East, he collided with another vehicle traveling southbound on 1200 East. Jones suffered severe brain damage as a result of the collision.

The intersection of Beverly Way and 1200 East has no traffic control devices. Jones brought suit, claiming rosebushes growing on private property on the northwest corner of the intersection obstructed his vision and caused the accident. Jones also claimed Bountiful failed to place signs at the intersection, despite Bountiful's knowledge of previous accidents at the intersection. Bountiful moved for summary judgment, arguing it owed Jones no duty and is immune from suit. The trial court ruled in favor of Bountiful, granting summary judgment on the following grounds: (1) Bountiful had no duty to remove the rosebushes from private property even if the rosebushes obscured Jones's vision, and (2) any duty of Bountiful to control the intersection was an immune discretionary function under the Utah Governmental Immunity Act.

On appeal, Jones makes three claims of error. First, Jones claims the trial court erred in concluding Bountiful did not have a duty to cure a known unsafe road condition. Second, Jones claims Bountiful is not immune from suit under the Immunity Act. Finally, Jones claims the trial court abused its discretion by denying his Rule 56(f) motion.

## STANDARD OF REVIEW

■ Summary judgment is proper when the record indicates " 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Kitchen v. Cal Gas Co., Inc.*, 821 P.2d 458, 460 (Utah App.1991) (quoting Utah R.Civ.P. 56 (1991)). We review the trial court's grant of summary judgment under a "correctness" standard. *Id.; Daniels v. Deseret Fed. Sav. & Loan Assoc.*, 771 P.2d 1100, 1101–02 (Utah App.), *cert. denied*, 783 P.2d 53 (Utah 1989). Thus, we accord no deference to the trial court's legal conclusions underlying its grant of summary judgment. *Kitchen*, 821 P.2d at 460.

## BOUNTIFUL'S DUTY TO JONES

Jones claims the trial court erred in concluding Bountiful owed Jones no duty. Before the trial court and on appeal, Jones claims Bountiful's duty to Jones inheres from two sources: (1) a statutory duty to effect removal of the rosebushes, even though the rosebushes are on private property; and (2) a common law duty to remedy a known dangerous intersection.

### Statutory Duty

■ First, Jones argues Utah Code Ann. § 41–6–19 (1988) imposes a duty on Bountiful to ensure removal of foliage on private property that obstructs the vision of motor vehicle operators on Bountiful's roads. Bountiful responds and the trial court concluded Bountiful had no duty to remove bushes on private property. Section 41–6–19 provides in full:

(1) The owner of real property shall remove from his property any tree, plant, shrub, or other obstruction, or part of it,

which, by obstructing the view of any operator, constitutes a traffic hazard.

(2) When the Department of Transportation or any local authority determines upon the basis of an engineering and traffic investigation that a traffic hazard exists, it *shall notify the owner and order that the hazard be removed within ten days.*

(3) The failure of the owner to remove the traffic hazard within ten days is a class C misdemeanor.

*Id.* (emphasis added).

■ The section states Bountiful "shall" order the owner to remove foliage if it determines the foliage is a hazard. Utah courts construing statutes containing the term "shall" generally have concluded that term is mandatory. *See, e.g., Board of Educ. of Granite Sch. Dist. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983) (term "shall" in statute is usually presumed mandatory rather than discretionary); *State v. Zeimer,* 10 Utah 2d 45, 48, 347 P.2d 1111, 1113 (1960) (same).

■ Furthermore, "the fundamental consideration in interpreting statutes is legislative intent; and that is determined in light of the purpose the statute was designed to achieve." *Granite Sch. Dist.,* 659 P.2d at 1033. The conspicuous intent of section 41–6–19 is to effect removal of foliage that obstructs the view of motor vehicle operators. To accomplish that intent, the legislature established a three-part mechanism. First, subsection (1) places an affirmative duty on property owners to remove obstructing foliage. Second, if a political subdivision determines on the basis of an engineering or traffic study that a hazard exists, subsection (2) places on that subdivision an affirmative duty to notify the owner of the hazard and order the hazard's removal within ten days. Finally, subsection (3) authorizes criminal penalties if the owner fails to comply with such an order. To hold Bountiful has no duty to inform an owner of a known hazard would eviscerate this statute's clear intent.

If, based on an engineering or traffic investigation, Bountiful determines that a hazard exists, section 41–6–19 places an

affirmative duty on Bountiful to inform the owner of that hazard and order its removal. The trial court concluded "the defendant had no duty to remove foliage from private property, even though the foliage may to some degree obscure visibility at the intersections." The trial court erred not in this specific conclusion, but in failing to realize the statute places a narrower duty on Bountiful to inform the owner of the hazard and require removal of the rosebushes under the enumerated circumstances.

We emphasize the limited nature of this duty. Bountiful owes a duty to Jones *only* "[w]hen the Department of Transportation or any local authority determines upon the basis of an engineering and traffic investigation that a traffic hazard exists." The statute imposes no duty on Bountiful to inspect, but only a duty to order the removal of the hazard *if* an investigation has determined that a traffic hazard exists.

Jones provided no evidence that Bountiful had conducted an engineering or traffic investigation which determined the rosebushes were a hazard. Thus, under the undisputed facts before the trial court, no statutory duty existed. However, in response to Bountiful's motion for summary judgment, Jones informed the trial court that outstanding discovery requests attempted "to uncover facts showing that Bountiful City has notice that foliage growing on private property obstructed the vision of drivers using the intersection of Beverly Way and 1200 East." We defer addressing whether the trial court erred in denying Jones's Rule 56(f) motion requesting such discovery until we address the common law duty issue.

## Common Law Duty

■ Jones next claims Bountiful's notice of previous accidents at the intersection and its knowledge of the obstructed view because of the rosebushes gave Bountiful a duty to install traffic control devices. Bountiful responds it has no duty whatsoever to use traffic control devices to regulate an intersection.

· Utah courts recognize a municipal corporation has "a nondelegable duty to exercise due care in maintaining streets within its corporate boundaries in a reasonably safe condition for travel ... and the city may be held liable for injuries proximately resulting from its failure to do so." *Bowen v. Riverton City*, 656 P.2d 434, 437 (Utah 1982); *accord Nyman v. Cedar City*, 12 Utah 2d 45, 49, 361 P.2d 1114, 1116 (1961). This rule is in accord with the majority rule: "[D]ecisions in a majority of the states affirm implied municipal liability to private action for injuries resulting from defective public ways." 19 Eugene McQuillin, The Law of Municipal Corporations § 54.02, at 12 (3d ed. 1985).

■ This common law duty, however, is limited in that "a city is not generally liable for failure to install signs or signals." *Id.* § 54.28b, at 90; *accord Bendas v. Township of White Deer*, 131 Pa.Cmwlth. 138, 142, 569 A.2d 1000, 1001 (municipality has no duty to exercise discretion and install traffic control devices), *appeal denied*, 526 Pa. 639, 584 A.2d 321 (1990); *Naker v. Town of Trenton*, 62 Wis.2d 654, 215 N.W.2d 38, 39 (1974) (town has no affirmative duty to erect stop sign).

Rather than placing a duty on a municipality to erect traffic control devices, the common law requires only that once the municipality takes action to install such devices, it must do so in a non-negligent manner. 19 McQuillin, *supra*, § 54.28b, at 90 [1]; *see also Bowen*, 656 P.2d at 437 ("[I]t is necessary for cities to maintain traffic signals in a reasonably safe, visible, and working condition."); *Farber v. Engle*, 106 Pa.Cmwlth. 173, 179, 525 A.2d 864, 867 (1987) (Although "the City has no duty at common law ... to erect traffic controls ... [o]nce they are erected ... a suit alleging negligent maintenance of traffic controls might lie against the City."); *cf. Little*

*v. Utah State Div. of Family Servs.*, 667 P.2d 49, 53–54 (Utah 1983) (although state agency had no duty to act, it assumed duty of care once it acted by placing minor in foster care). Based on this rule, Bountiful had no common law duty to erect traffic control devices at the intersection.

■ Moreover, Bountiful had no common law duty to remove the obstructing foliage. "A municipality has no common-law duty to maintain unobstructed visibility at an intersection." 19 McQuillin, *supra*, § 54.69a, at 233. An intersection is not rendered unsafe because a municipality does not cut down vegetation, even if that vegetation obstructs the view at the intersection. *Id.*[2]

Based on this analysis, we conclude Bountiful had no common law duty to remove the obstructing foliage or to control the intersection with traffic signs, even if Bountiful was on notice that the foliage obstructed a clear view of the intersection. Accordingly, the trial court did not err in concluding Bountiful had no duty to Jones.

### RULE 56(f)

We now turn to Jones's claim the trial court erred in refusing to continue Bountiful's motion for summary judgment to permit Jones to conduct further discovery pursuant to Rule 56(f) of the Utah Rules of Civil Procedure to establish facts giving rise to Bountiful's duty. We have previously held that Bountiful did not owe Jones a common law duty. Thus, we consider Jones's Rule 56(f) motion only as it relates to the narrow statutory duty discussed above.

Bountiful contends the trial court correctly declined to continue the motion for summary judgment because Jones failed to file a Rule 56(f) "affidavit" with the trial

---

**1.** The Utah Supreme Court has stated: "The duty of a municipal corporation with respect to the maintenance and repair of traffic signs in this state is set out in 18 E. McQuillin, *The Law of Municipal Corporation.*" *Richards v. Leavitt,* 716 P.2d 276, 278 (Utah 1985).

**2.** If, however, a municipality itself plants on public property obstructing foliage that creates

a dangerous condition, then the municipality has a duty to remedy the dangerous condition. *See Town of Belleair v. Taylor,* 425 So.2d 669, 670 (Fla.Dist.Ct.App.1983) ("[O]nce a governmental entity creates a condition that it knows or should know is dangerous, it must avert the danger or notify the public.").

court prior to the hearing on the motion for summary judgment.

Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

■ Courts generally construe this rule liberally in favor of the nonmoving party to allow for adequate discovery that may create genuine issues of fact sufficient to defeat a motion for summary judgment. *Reeves v. Geigy Pharmaceutical, Inc.*, 764 P.2d 636, 639 (Utah App.1988). However, a court should not grant a Rule 56(f) motion to protect a party from its own lack of diligence or from the merits of the motion for summary judgment. *Id.*

Rule 56(f) requires the movant to file an affidavit to preserve the contention that summary judgment should be delayed to allow further discovery. Utah R.Civ.P. 56(f). Rule 56(f) further gives the trial court discretion to determine whether the reasons stated in the affidavit are adequate for the court to grant the motion. *Reeves*, 764 P.2d at 639.

Bountiful filed its motion for summary judgment on January 31, 1991, more than two years after Jones filed his complaint. Jones responded with his memorandum in opposition on February 13, 1991. In his response, Jones did not dispute Bountiful's recitation of the facts, file a Rule 56(f) affidavit, or request additional discovery. At the hearing, however, Jones informed the trial court of outstanding discovery requests targeted to determine the extent of Bountiful's knowledge of the foliage problem and previous accidents at the intersection. It was not until March 4, 1991, more than a week after the summary judgment hearing, that Jones filed a written motion to continue, articulating the reasons why the hearing should be continued to allow further discovery. Specifically, Jones requested additional time to complete noticed depositions of Bountiful employees who might have information regarding Bountiful's knowledge of the obstructing foliage. The trial court granted summary judgment in favor of Bountiful on March 25, 1991. The trial court concluded that, no matter what information Bountiful had or could discover regarding previous accidents and the obstructing foliage, Bountiful owed Jones no duty of care.

■ Apparently conceding no specific Rule 56(f) affidavit was filed, Jones argues that denying his motion to continue "elevate[s] form over substance without realizing any equivalent benefit for the sacrifice." Jones argues his Motion to Continue Consideration of Bountiful's Motion for Summary Judgment, filed on February 22, 1991, provided the trial court with sufficient information to delay consideration of the motion for summary judgment. Jones also argues discovery requests outstanding at the time the court ruled on summary judgment might have revealed information regarding facts that would give rise to Bountiful's statutory duty.

We agree with Jones that the mere fact that his Rule 56(f) paper was entitled "motion" rather than "affidavit" should not be fatal. In fact, the trial judge did not rely on this technicality, but believed the facts Jones wished to discover were legally irrelevant to the duty issue.

An appellate court reviews three factors when considering a claim the trial court should have granted a Rule 56(f) motion:

1. Were the reasons articulated in the Rule 56(f) affidavit "adequate" or is the party against whom summary judgment is sought merely on a "fishing expedition" for purely speculative facts after substantial discovery has been conducted without producing any significant evidence?

2. Was there sufficient time since the inception of the lawsuit for the party against whom summary judgment is sought to use discovery procedures, and thereby cross-examine the moving party?

3. If discovery procedures were timely initiated, was the non-moving party afforded an appropriate response?

*Downtown Athletic Club v. Horman,* 740 P.2d 275, 278 (Utah App.), *cert. denied,* 765 P.2d 1277 (Utah 1987). We apply these factors to the facts before the trial court.

First, Jones articulated specific reasons for needing additional discovery: to determine the degree to which Bountiful had notice of the foliage problem, and the identity of individuals who had complained on "numerous occasions" to Bountiful about the obstructing foliage. However, even if Jones were able to discover that Bountiful had notice of the foliage problem, such information would not be legally relevant to the narrow statutory duty at issue. Jones did not seek information as to: (1) Whether Bountiful had conducted an engineering or traffic study, and, if so, (2) whether on the basis of the study Bountiful had determined a hazard existed because of the obstructing foliage. Thus, the first factor weighs in favor of the trial court's denial of Jones's Rule 56(f) motion.

The second factor, whether there was sufficient time for both parties to conduct discovery since the inception of the lawsuit some twenty-six months earlier, again weighs in favor of the trial court's ruling. The third factor, whether there were any pending discovery requests bearing on the duty issue, also weighs in favor of the trial court. A review of the two outstanding discovery requests shows that neither sought information relevant to Bountiful's statutory duty under section 41-6-19. The identical requests noticed the depositions of the Bountiful City Planning Department and the Bountiful City Redevelopment Department. The requests solicited information regarding "the development, administration, and enforcement of the ordinances that regulate the location and size of trees, bushes, and other foliage in relation to the public roads of Bountiful." Apparently, Jones was attempting to determine wheth-

er the height or location of the rosebushes had violated any Bountiful City ordinance.[3] These requests do not seek any information regarding whether Bountiful had conducted an engineering or traffic study of the intersection or the conclusions of such a study. Thus, the outstanding discovery requests did not seek legally significant facts regarding the narrow duty question.

In sum, even though the trial court did not weigh these three factors, the undisputed facts show the trial court did not err in denying Jones's Rule 56(f) motion.[4]

## CONCLUSION

We hold the undisputed facts before the trial court established Bountiful owed Jones no duty. We also hold the trial court did not err in denying Jones's Rule 56(f) motion. For the reasons expressed herein, the order of the trial court denying Jones's Rule 56(f) motion and granting summary judgment in favor of Bountiful is affirmed.

JACKSON and RUSSON, JJ., concur.

---

3. Jones has not pursued this argument on appeal.

4. We do not reach the issue of whether Bountiful was immune from suit as we have concluded

that, under the facts before the trial court on summary judgment, Bountiful owed Jones no duty.