ALLSTATE INSURANCE COMPANY, and another, Plaintiffs-Respondents, v. METROPOLITAN SEWERAGE COMMISSION OF COUNTY OF MILWAUKEE, and others, Defendants-Appellants.

*No. 75–426. Argued September 1, 1977.—Decided October 4, 1977.*
(Also reported in 258 N. W. 2d 148.)

For the appellants there were joint briefs by *Ewald L. Moerke, Jr., Robert Arthur Melin* and *Schroeder, Ged-*

*len, Reister & Moerke* for Metropolitan Sewerage Commission of the County of Milwaukee and The Sewerage District of the County of Milwaukee; and *James B. Brennan,* city attorney, and *Patrick B. McDonnell,* assistant city attorney, for Sewerage Commission of the City of Milwaukee, with oral argument by *Robert Arthur Melin* and *Patrick B. McDonnell,* all of Milwaukee.

For the respondents there was a brief by *Brian J. Henderson* and *Riordan, Crivello, Sullivan & Carlson,* with oral argument by *Brian J. Henderson,* all of Milwaukee.

BEILFUSS, C. J. The automobile accident giving rise to this action took place on December 23, 1969, on West Brown Deer Road in the Village of River Hills, Milwaukee county, Wisconsin.

A truck owned by Behling Excavating Company was discharging effluent into a manhole in the traveled portion of the street. The manhole is a part of the sewage system maintained and operated by the defendant Sewerage Commission of the City of Milwaukee (City Commission). The Behling Company employee was discharging the effluent pursuant to permit issued to Behling by the City Commission and the defendant Metropolitan Sewerage Commission of the County of Milwaukee (Metropolitan Commission).

At approximately 1 p.m., a car driven by Bonnie J. Nelson came upon the truck which partially blocked her eastbound lane. She crossed into the westbound lane to avoid the truck and struck a car driven by Alice S. Wilson in the westbound lane. As a result, various injuries and resulting damages were sustained by Alice S. Wilson and her husband Kenneth Wilson.

The Allstate Insurance Company insured Bonnie J. Nelson, and the Travelers Indemnity Company insured Behling. A settlement of $100,000 was reached, with each insurance company paying $50,000 to the Wilsons.

This action for contribution was subsequently commenced by the two insurance companies against the Metropolitan Commission, the City Commission and the Sewerage District of the County of Milwaukee (Metropolitan District) alleging these defendants were concurrently negligent with Bonnie J. Nelson and Behling.

The City Commission was organized under ch. 608, Laws of 1913 and subsequent amendments. It has the authority to build and operate sewer lines and treatment plants in the City of Milwaukee and to build intercepting sewer lines in the city which connect to collection systems from outside the city proper. The City Commission also operates and maintains the entire system within the Milwaukee County District after the lines and other facilities have been built, accepted and put in operation. The Metropolitan Commission has the authority to build sewers within the district but only outside the city limits of the City of Milwaukee. After the sewer systems outside the City of Milwaukee have been completed and accepted they are then operated by the City Commission. The Metropolitan District owns all the property acquired by both commissions and both commissions are agents of the Metropolitan District.

The Metropolitan District is empowered to promulgate reasonable rules and regulations concerning use, protection and supervision of the system under sec. 59.96(6) (i), Stats.[1] Ch. 336, Laws of 1957, also empowers the

[1] "59.96 *Metropolitan sewerage commission.* . . . (6) *Powers and Duties.* . .

"(i) Whenever necessary in order to promote the best results from the construction, operation and maintenance of the systems provided for in this section, and to prevent damage to the same from misuse, the commission, acting on behalf of the district, may make, promulgate and enforce such reasonable rules and regulations for the supervision, protection, management and use of said system as it deems expedient, and such regulations shall prescribe the manner in which connections to main sewers and

City Commission to so act and the two commissions must act jointly.[2]

The amended complaint alleges that the Metropolitan Commission was negligent in designing and placing the manhole when it knew or should have known that it would require users, such as Behling, to block the east-bound lane, and in failing to require users to employ equipment which would not necessitate blocking the lane, to require users not to block the lane, to place warning signs or barricades, and to enact rules on safe operation of the system.

Negligence is charged against the City Commission for approving the plan when it knew or should have known of the danger, and for the failures paralleling those charged against the Metropolitan Commission. The charge against the Metropolitan District incorporates the allegations against the commissions on the basis that they act as agents of the Metropolitan District.

The demurrer by the defendants is upon the ground the amended complaint does not state facts sufficient to state a cause of action. The order appealed from overruled the demurrer.

The briefs and arguments by counsel for the defendants set forth several reasons why, in their belief, the demurrer should be sustained. We believe the dispositive issue is whether the doctrine of municipal tort immunity

intercepting sewers shall be made, and may prohibit discharge into such sewers, of any liquid or solid waste deemed detrimental to the sewerage system herein provided for. . . ."

[2] "Section 5(h)1. Adopt such rules for the supervision, protection, management and use of such system as it may deem expedient. Such rules may prohibit discharge into the sewerage system herein provided for, either directly or indirectly, of any liquid, gaseous or solid wastes deemed detrimental to such system, or to its employes, or to the process of sewage treatment or disposal; or prescribe the conditions upon which such wastes may be discharged; . . ."

applies to the defendants so as to relieve them from liability. We conclude it does and that demurrer should be sustained.

In *Holytz v. Milwaukee,* 17 Wis.2d 26, 40, 115 N.W.2d 618 (1962), this court abrogated the doctrine of municipal immunity from tort liability but with the reservation that:

"This decision is not to be interpreted as imposing liability on a governmental body in the exercise of its legislative or judicial or quasi-legislative or quasi-judicial functions."

This reservation has been codified by the legislature in sec. 895.43(3) of the statutes as follows:

"895.43 *Tort actions against political corporations, governmental subdivisions or agencies and officers, agents or employes; notice of injury; limitation of damages and suits.* . . .

"(3) No suit shall be brought against any political corporation, governmental subdivision or any agency thereof for the intentional torts of its officers, officials, agents or employes nor shall any suit be brought against such fire company, corporation subdivision or agency or against its officers, officials, agents or employes for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions."

All three defendants are municipal and government bodies authorized and created by virtue of state legislation to perform a public function.

We conclude that the decisions of the Metropolitan Commission in planning and designing the system in question, including the placement of the manhole, were legislative acts[3] performed in response to its authority to

---

[3] *Firkus v. Rombalski,* 25 Wis.2d 352, 130 N.W.2d 835 (1964); *Raisanen v. Milwaukee,* 35 Wis.2d 504, 151 N.W.2d 129 (1967); *Dusek v. Pierce County,* 42 Wis.2d 498, 167 N.W.2d 246 (1969); *Chart v. Dvorak,* 57 Wis.2d 92, 203 N.W.2d 92 (1973); *Weiss v. Milwaukee,* 79 Wis.2d 213, 255 N.W.2d 496 (1977).

plan and construct sewer systems outside the corporate limits of the City of Milwaukee but within the Metropolitan District. Where, when and how to build sewer systems are legislative determinations imposed upon a governmental body.[4] It is not for the court to be judge or jury to "second guess" them in these determinations nor to find they are liable for negligence.

The City Commission in approving the plans, if not acting in a legislative capacity, was acting in a quasi-judicial capacity and is likewise immune from liability.

The complaint, in substance, alleges that in the construction of the sewer lines it was negligence to place the manhole in the street as it was when it knew or should have known such placement would create a danger to users of the highway when use of the manhole would block the highway.

The complaint does not allege that the placement of the manhole was not in compliance with the plans.

*Chart v. Dvorak, supra,* n. 3, discusses the distinction between immune quasi-legislative acts performed pursuant to legislative direction and the ministerial nondiscretionary acts of public employees in carrying out the directives of the legislative policy-making body.

If the placement of the manhole was in compliance with the location set forth in the plan it was a nondiscretionary act in compliance with a legislative act and protected by governmental immunity. This is so even though the placement and subsequent use of the manhole may have created a danger.[5] Because there is no allega-

---

[4] We are not concerned in this case with the limitations and obligations that may be imposed by concerns of health, pollution and environment as provided by statute.

[5] Not encompassed by the allegations of the complaint nor the arguments of counsel is an issue of whether municipal immunity attached to the planning function should persist in view of subsequent experience or changed conditions which demonstrate an actual and substantial danger. Does the municipality have a duty to review its legislative determination after notice that a dangerous

tion that the manhole was not placed as set forth in the plan, the question of a failure to perform a ministerial duty does not arise.

The complaint alleges the Metropolitan Commission and the City Commission were negligent in that they failed to enact rules and regulations requiring safe and proper operation and use of the sewage system as required in sec. 59.96(6)(i), Stats., and ch. 336, Laws of 1957, set forth in n. 1 and 2.

These statutory legislative enactments authorize the municipalities in question, "when they deem it necessary," to enact reasonable rules and regulations for the supervision, protection, management and use of the sewage system. These statutory authorizations are not concerned with highway safety. Highway parking regulations are specifically set forth by the legislature in ch. 346. The sewage commissions here have no authority nor duty to regulate highway parking or stopping. Even if they did have it is almost self-evident the action of the commissions would be legislative and immune from liability.

It is also alleged that the City Commission was negligent in the issuance of a permit to Behling to discharge effluent in the manhole without requiring the vehicle to be located off the highway without requiring barricades or warnings.

The power of a municipal corporation to issue permits is a quasi-judicial function.

In *Corrao v. Mortier,* 7 Wis.2d 494, 498, 96 N.W.2d 851 (1959), this court stated:

"The case of *Paoli v. Mason* (1945), 325 Ill. App. 197, 59 N.E. (2d) 499, holds that the power to issue a license

condition exists? We express no opinion as to this problem, *but see Baldwin v. State of California,* 6 Cal.3d 424, 99 Cal. Rptr. 145, 491 P2d 1121 (1972).

or permit on the part of a public officer is a quasi-judicial function, and that such an officer is exempt from liability for error or mistake of judgment in the absence of a corrupt or malicious motive. We deem that the power to grant or refuse a permit or license always constitutes the exercise of a quasi-judicial function and that this precludes holding the public officer exercising such power from liability in damages for failure to issue the same in the absence of a corrupt or malicious motive. This is true, even though in a particular situation the officer has no discretion to deny the permit or license, and mandamus will lie to compel its issuance."

We conclude therefore that all of the acts or failure to act by the three defendant municipal corporations were either legislative or quasi-judicial and, as such, immune under sec. 895.43, Stats.

Even before the abrogation of municipal immunity decreed in *Holytz v. Milwaukee,* 17 Wis.2d 26, 115 N.W. 2d 618 (1962), liability did exist on the part of municipalities charged with construction and maintenance of highways for highway defects under secs. 81.15 and 81.17, Stats. We have no hesitancy in stating that the location of the manhole was not a highway defect. The manhole itself created no hazard; it is the alleged manner of the use by others that created the danger.

Based upon the foregoing, it follows that the order overruling the demurrer should be reversed and the demurrer sustained. While it is difficult to believe the plaintiffs can amend their complaint to state a cause of action, they should not be foreclosed from doing so. Upon the remand the plaintiffs shall have twenty days in which to file an amended complaint.

*By the Court.*—Order reversed, with directions.