Randy MAJOR, Plaintiff-Appellant,

v.

COUNTY OF MILWAUKEE, Defendant-Respondent.†

Court of Appeals

*No. 95–1351–FT. Submitted on briefs September 6, 1995.—Decided September 19, 1995.*

(Also reported in 539 N.W.2d 472.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Donald J. Murn* and *Michelle E. Martin* of *Murn Law Offices, S.C.*, of Waukesha, Wisconsin.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Robert G. Ott* and *Robert A. McKnight* of *Corporation Counsel*, of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

FINE, J. Randy Major brought this action against Milwaukee County, claiming that the County misrepresented the condition of property he purchased from the County. Specifically, Major claimed that Milwaukee County falsely represented in the offer of purchase that it "has no notice or knowledge of . . . the

presence of any dangerous or toxic materials or conditions affecting the property," even though it knew that "the entire property is covered to a depth of approximately ten feet with foundry sand, a material that commonly contains lead, chromium and other toxic substances." (Capitalization omitted.) The trial court granted summary judgment to Milwaukee County, holding that the County was protected from suit by § 893.80(4), STATS. Major appeals. We reverse.

Summary judgment is used to determine whether there are any disputed issues for trial. *U.S. Oil Co., Inc. v. Midwest Auto Care Servs., Inc.*, 150 Wis. 2d 80, 86, 440 N.W.2d 825, 827 (Ct. App. 1989). Our review of a trial court's grant of summary judgment is *de novo. See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment must be entered if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." RULE 802.08(2), STATS. The sole issue on this appeal is whether § 893.80(4), STATS., bars this action.

The facts relevant to the issue of whether Milwaukee County is immune from suit here are not disputed. The offer of purchase was drafted by Major's real estate agent and was submitted to Milwaukee County by that agent. The offer to purchase was amended once and then agreed-to by both Major and Milwaukee County. The contract recited that Major was accepting the property "as is," and that Milwaukee County had "no notice or knowledge of . . . the presence of any dangerous or toxic materials or conditions affecting the property." Milwaukee County's files, however, had a 1962 appraisal report on the property that indicated that the property was "filled in land with foundry sand

10 to 12 feet in depth."[1] No one on this appeal disputes that foundry sand contains dangerous and toxic material.

Section 893.80(4), STATS., provides: "No suit may be brought against any . . . political corporation, governmental subdivision or any agency thereof for . . . acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." This statute prohibits suits against governmental bodies for their discretionary acts. *Envirologix Corp. v. City of Waukesha*, 192 Wis. 2d 277, 288–289, 531 N.W.2d 357, 363–364 (Ct. App. 1995) (The "terms 'legislative, quasi-legislative, judicial or quasi-judicial' are synonymous with the term 'discretionary.' "). There is no immunity under § 893.80(4), however, for acts that are "ministerial." *Ibid.*

> "A public officer's duty is ministerial only when it is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion."

*C.L. v. Olson*, 143 Wis. 2d 701, 711–712, 422 N.W.2d 614, 617 (1988) (citation omitted). Although a decision by a government employee or agent to do something within the scope of his or her duties can be discretionary, the government may still be liable if the employee or agent is negligent in carrying out the discretionary task. *Scarpaci v. Milwaukee County*, 96 Wis. 2d 663, 685, 292 N.W.2d 816, 826–827 (1980) ("[I]t is the cate-

[1] There is no evidence in the summary-judgment record that any employee of Milwaukee County knew prior to closing that the appraisal report existed.

gorization of the specific act upon which liability is based and not the categorization of the general duties of the public officer which dictates whether or not the officer is immune from liability" under § 893.80(4).). Stated another way, once a discretionary decision is made, "which decision in itself would be immune from the imposition of tort liability, the officer who made the decision may nevertheless be subject to liability as a public officer for breach of a ministerial duty imposed by that decision." *Id.*, 96 Wis. 2d at 686–688, 292 N.W.2d at 827–828 (parenthetical omitted) (Although the decision to perform the autopsy was discretionary, a "claim for misconduct in the manner in which the autopsy was performed is not barred."). Thus, *Stann v. Waukesha County*, 161 Wis. 2d 808, 818–819, 468 N.W.2d 775, 780 (Ct. App. 1991), recognized that the development of a plan by a park-planning specialist would be a discretionary act but that "obeying the directives of a plan already in place" would be a ministerial duty.

Milwaukee County and its officers had discretion whether to sell property it owned, and to determine terms of sale that were agreeable to it. Section 59.07(1)(c), STATS.[2] Once those terms of sale were set

---

[2] Section 59.07, STATS., provides, as material here:

The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:

(1)

....

(c) *Transfers.* Direct the clerk to lease, sell or convey or contract to sell or convey any county property, not donated and required to be held for a special purpose, on such terms as the board approves. In addition any county property may, by gift or otherwise, be leased, rented or transferred to the United States,

and reified in the contract, however, the County was under a ministerial duty to comply. *See Stann*, 161 Wis. 2d at 818–819, 468 N.W.2d at 780 (development of plan by park-planning specialist was discretionary act but "obeying the directives of a plan already in place" would be ministerial duty). Major has alleged, and the summary-judgment record does not dispute, that he purchased the property in reliance on the County's representation, that the representation was false, and that although he agreed to take the property "as is," that agreement was subject to the County's representation that it had "no notice or knowledge of . . . the presence of any dangerous or toxic materials or conditions affecting the property." Milwaukee County was under an "absolute, certain and imperative" duty, *see C.L.*, 143 Wis. 2d at 711–712, 422 N.W.2d at 617, not to make this representation unless it was true. Although there is no evidence that any Milwaukee County employee knew prior to closing that the appraisal report existed, we have been pointed to no authority, and have found none, that would lead us to conclude that the appraisal report in the County's files was not notice to the County or knowledge by it of the contents of that report. Indeed, the law imputes actual knowledge to those who have "the opportunity, by the exercise of ordinary care, to possess" it. *Attoe v. State Farm Mut. Auto. Ins. Co.*, 36 Wis. 2d 539, 546, 153 N.W.2d 575, 579 (1967); *see also Zdunek v. Thomas*, 215 Wis. 11, 15, 254 N.W. 382, 383 (1934). Simply put, Milwaukee County should not have made the representation without checking its files. Under these

the state, any other county within the state or any municipality or school district within the county. Oil, gas and mineral rights may be reserved and leased or transferred separately.

circumstances, this action is not barred by § 893.80(4), STATS.[3]

*By the Court.*—Order reversed.[4]

---

[3] *Scarpaci v. Milwaukee County,* 96 Wis. 2d 663, 687, 292 N.W.2d 816, 827 (1980), and its progeny recognized a distinction between "governmental and non-governmental discretion." This distinction is limited to cases involving medical decisions. *Stann v. Waukesha County,* 161 Wis. 2d 808, 818, 468 N.W.2d 775, 779 (Ct. App. 1991); *see also Kimps v. Hill,* 187 Wis. 2d 508, 515–516, 523 N.W.2d 281, 285–286, 288 (Ct. App. 1994). Here, however, the distinction is not between "discretion" and "governmental discretion" but between the discretionary decision to agree to certain terms in a contract and the ministerial duty to comply with those terms.

[4] We do not discuss Major's contention that WIS. ADM. CODE § RL 24.07 imposed upon the Milwaukee County employee handling the real estate transaction a ministerial duty to inspect the property. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).