Sheri D. MEYERS, Plaintiff-Appellant,

v.

Patrick SCHULTZ, Defendant-Respondent.

Court of Appeals

*No. 04–0542. Submitted on briefs October 14, 2004.—Decided November 24, 2004.*

2004 WI App 234

(Also reported in 690 N.W.2d 873.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeff Scott Olson* of *The Jeff Scott Olson Law Firm, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Corey F. Finkelmeyer*, asst. attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Deininger, P.J., Dykman and Vergeront, JJ.

¶ 1. VERGERONT, J. The issue on this appeal concerns the scope and application of the ministerial duty exception to immunity for state employees. Sheri Meyers was injured when she sat in a chair that had been assembled by Patrick Schultz, an employee of the Department of Workforce Development. The circuit court granted summary judgment, dismissing her negligence claim against Schultz on the ground that he was immune from suit because he was engaged in a discretionary act. Meyers contends that, because of the

manufacturer's instructions, Schultz was performing a ministerial act, not a discretionary act, when assembling the chair and therefore he is not immune from suit.

¶ 2. We conclude that a ministerial duty does not arise from the manufacturer's instructions because a ministerial duty must be imposed by law. Because the rule is immunity and because the one exception to the rule that Meyers advances does not apply, we conclude the circuit court properly granted summary judgment in favor of Schultz. We therefore affirm.

## BACKGROUND

¶ 3. Schultz is an employee of the Division of Vocational Rehabilitation (DVR) within the department, and Meyers was one of his clients. Pursuant to the individualized employment plan for Meyers that Schultz developed with her, Meyers was receiving training in office and computer skills at New Way Directions. She told Schultz that she needed a better chair than those provided at New Way Directions, and DVR authorized the purchase of a chair. Meyers picked out a chair at Office Depot, it was delivered to New Way Directions, and Schultz assembled the chair.

¶ 4. In his deposition, Schultz testified that he followed the instructions in assembling the chair. Meyers testified that when she was told the chair was ready, she pushed the chair over to her work station, which had a plastic mat over the carpet. As soon as she sat in the chair, it tipped backwards, then rocked wildly, causing her to experience severe pain and causing injuries that required medical treatment.

¶ 5. Meyers filed this action alleging that Schultz committed a "ministerial act of negligence" in two ways: (1) in spite of a warning on the chair, he

provided the chair with dual wheel casters for use by Meyers on a plastic floor mat; and (2) he failed to properly insert the caster shafts into their mounting sockets when he assembled the chair.[1] Schultz answered, denying negligence. He also moved for summary judgment on the ground that he was entitled to immunity because he was engaged in a discretionary act and did not violate a ministerial duty.

¶ 6.   In opposition to the motion, Meyers argued that the act of assembling the chair was "purely ministerial." She submitted the report of a safety engineer who concluded that the accident occurred for the following reasons:   the adjustment settings were inappropriate for Meyers's weight and height and were in an unlocked position; four of the five casters were not properly inserted; and the dual casters were intended to be used only on carpeted surfaces. With respect to this last cause, the expert referred to the warning on the underside of the seat cushion that stated that the dual wheel casters "function best on carpeted floors [and] [i]f the chair is to be used on a hard surface, use of [these] casters could result in unexpected rolling and in injury from tipping or collision." Rubber wheel casters, the warning said, for use on "hard surfaces . . . and floor mats are available at extra cost from your dealer."

¶ 7.   The circuit court granted Schultz's motion. It concluded that a ministerial duty is one prescribed by law, and there was no duty established by law that Schultz was shown to have breached. Therefore, the court decided Schultz was entitled to immunity under WIS. STAT. § 893.80(4).

---

[1] The complaint also named the Department of Workforce Development as a defendant, but the department was dismissed based on Meyers's concession that sovereign immunity applied to it.

## DISCUSSION

¶ 8. On appeal, Meyers renews her contention that the act of assembling the chair was purely ministerial. Once Schultz decided to assemble the chair, she asserts, he had a ministerial duty to follow the instructions[2] of the manufacturer, and he was not engaged in a discretionary act simply because the instructions were not prescribed by law.

¶ 9. When we review the grant or denial of a summary judgment motion, we apply the same methodology as does the circuit court, and our review is de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* WIS. STAT. § 802.08.[3]

¶ 10. The defense of discretionary act immunity for public officers and employees assumes negligence and focuses on whether the action or inaction upon which liability is premised is entitled to immunity. *Lodl v. Progressive Northern Ins. Co.*, 2002 WI 71, ¶ 17, 253 Wis. 2d 323, 646 N.W.2d 314. Thus, the factual disputes that may exist on whether Schultz was negligent do not prevent summary judgment in his favor. *Id.*, ¶ 16. The proper scope of the common law doctrine of discretionary act immunity, when there are no disputed facts, is a question of law. *Bicknese v. Sutula*, 2003 WI 31, ¶ 15, 260 Wis. 2d 713, 660 N.W.2d 289. Because there are no

---

[2] We use the term "instructions" to include the warning regarding the dual wheel casters.

[3] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

factual disputes material to the application of the immunity doctrine in this case, summary judgment is an appropriate way to resolve the application of the doctrine to the undisputed facts.

¶ 11.   Immunity for public officers and employees is grounded in common law, *Kimps v. Hill*, 200 Wis. 2d 1, 9, 546 N.W.2d 151 (1996), and is based largely on public policy considerations that spring from an interest in protecting the public purse and a preference for political rather than judicial redress for actions. *Lodl*, 253 Wis. 2d 323, ¶ 23.[4]

¶ 12.   The general rule is that state officers and employees are immune from personal liability for injuries resulting from acts performed within the scope of their official duties. *Kimps*, 200 Wis. 2d at 10.[5] The rule,

---

[4] Public policy considerations include:

(1) The danger of influencing public officers in the performance of their functions by the threat of lawsuit; (2) the deterrent effect which the threat of personal liability might have on those who are considering entering public service; (3) the drain on valuable time caused by such actions; (4) the unfairness of subjecting officials to personal liability for the acts of their subordinates; and (5) the feeling that the ballot and removal procedures are more appropriate methods of dealing with misconduct in public office.

*Kimps v. Hill*, 200 Wis. 2d 1, 9, 546 N.W.2d 151 (1996).

[5] In her brief, Meyers cites to WIS. STAT. § 893.80(4) as the source of the legal standard. This provides:

(4) No suit may be brought against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or any agency thereof for the intentional torts of its officers, officials, agents or employees nor may any suit be brought against such corporation, subdivision or agency or volunteer fire company or against its officers, officials, agents or

however, is subject to exceptions, representing a "judicial balanc[e] [struck between the need] of public officers to perform their functions freely [and] the right of an aggrieved party to seek redress." *Lister v. Board of*

employees for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.

However, this statute does not apply to state officers and employees, only to municipal officers and employees. *Scarpaci v. Milwaukee County*, 96 Wis. 2d 663, 683 n.20, 292 N.W.2d 816 (1980) (referring to WIS. STAT. § 895.43(3) (1977), renumbered § 893.80(4) by 1979 Wis. Laws, ch. 323, § 29, effective July 1, 1980). Unlike immunity for municipal officers and employees, for state officers and employees immunity is the rule and liability is the exception. *Lodl v. Progressive Northern Ins. Co.*, 2002 WI 71, ¶ 22, 253 Wis. 2d 323, 646 N.W.2d 314 (citing *Kimps*, 200 Wis. 2d at 11 n.6, 546 N.W.2d 151 (1996)). Nonetheless, the statutory phrase "legislative, quasi-legislative, judicial and quasi-judicial functions" has been interpreted to mean the same as the term "discretionary" that is used at common law with respect to state officers and employees, *C.L. v. Olson*, 143 Wis. 2d 701, 717 n.9, 422 N.W.2d 614 (1988); and the concepts and theories underlying immunity and its exceptions are generally the same for state and municipal officers and employees. *Kimps*, 200 Wis. 2d at 10 n.6. Therefore, the analysis from cases involving one generally applies to the other. *C.L.*, 143 Wis. 2d at 717 n.9. As relevant to this case, the exception for ministerial duty applies both to state officers and employees and to municipal officers and employees, and the case law does not distinguish between the two in addressing the scope of this exception. *See Lodl*, 253 Wis. 2d 323, ¶ 25 (involving a municipal employee and relying on the definition of ministerial duty from *Lister v. Board of Regents*, 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976), which involved a state employee). Accordingly, unless there is a specific reason to do so, we do not distinguish in our discussion of the cases between those involving immunity for state officers and employees and those involving immunity for municipal officers and employees.

*Regents*, 72 Wis. 2d 282, 300, 240 N.W.2d 610 (1976). The exception at issue in this case is that a state officer or employee is not shielded from liability for the negligent performance of a purely ministerial duty. *Kimps*, 200 Wis. 2d at 10.

¶ 13.   As the court in *C.L. v. Olson*, 143 Wis. 2d 701, 711, 422 N.W.2d 614 (1988), observed, the definition of ministerial duty has remained substantially the same since it was adopted in *Meyer v. Carman*, 271 Wis. 329, 332, 73 N.W.2d 514 (1955), from E. McQuillin's treatise on Municipal Corporations:   "A . . . duty [that] is absolute, certain and imperative, involving merely the performance of a specific task, when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." 143 Wis. 2d at 711 (citing *Lister*, 72 Wis. 2d at 301).[6]

¶ 14.   We observe that the court in *Meyer* referred to another definition of ministerial duty, from a Florida case, apparently viewing it as having essentially the same meaning as that from McQuillin:

> [A] duty is to be regarded as ministerial when it is a duty that has been positively imposed by law, and its performance required at a time and in a manner, or

---

[6] The court in *Meyer v. Carman*, 271 Wis. 329, 332, 73 N.W.2d 514 (1955), quoted the definition from 18 McQuillin, Mun. Corp. (3d ed.), p. 225, sec. 53.33 in this way:   "Official action . . . is ministerial when it is absolute,. certain and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode an occasion for its performance with such certainty that nothing remains for judgment or discretion." *Id.* The court in *C.L.*, 143 Wis. 2d at 711, saw no significance in the difference in wording between *Lister* and *Meyer*, describing the definition as having "remained substantially the same."

upon conditions which are specifically designated; the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion.

*Meyer*, 271 Wis. at 332 (citing *First Nat. Bank v. Filer*, 145 So. 204, 207 (Fla. 1933)). The supreme court in *Lodl*, 253 Wis. 2d 323, ¶ 26, referred to this Florida court definition as well as that originating from McQuillan's treatise, again suggesting the two mean essentially the same thing. More recently in *Scott v. Savers Property and Cas. Ins. Co.*, 2003 WI 60, ¶¶ 27–28, 262 Wis. 2d 127, 663 N.W.2d 715, while first quoting the Florida court definition from *Meyer*, the court made clear that the definition of ministerial duty from *Lister*, which we have quoted above in paragraph 13, is the formulation courts are to use. The significant point for purposes of this appeal is that both the *Lister* definition, originating from McQuillin's treatise, and the definition from the Florida court define a ministerial duty as one imposed by law.

¶ 15.   Meyers recognizes that the definition of ministerial duty contains the requirement that the duty be one imposed by law, but, she asserts, this requirement "appears to be something that gratuitously crept into the formula [and] has nothing to do with distinguishing the discretionary functions that the doctrine is designed to protect." We disagree.

¶ 16.   As the court in *C.L.* pointed out, the distinction between ministerial and discretionary acts is not of recent origin, but was articulated in *Druecker v. Salomon*, 21 Wis. 621 (1867), and rooted in concepts initially set forth in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803). 143 Wis. 2d at 711 n.5. In explaining the distinction, the court in *Druecker* stated:

> where the heads of departments are the political or confidential agents of the executive merely to execute his will, or rather to act in cases in which the executive possesses a constitutional or legal discretion, nothing can be more perfectly clear than that their acts are only politically examinable. But where a *specific duty is assigned by law,* and individual rights depend upon the performance of that duty, it seems equally clear that the individual who considers himself injured has a right to resort to the laws of the country for a remedy.

21 Wis. at 637 (emphasis added).[7] Thus, as first articulated by a Wisconsin court, the concept of a duty imposed by law was inherent in the concept of a ministerial duty.

¶ 17. The principle we discern from *Druecker* for permitting liability for injuries when a ministerial duty is involved is that individuals have a right to expect public officers and employees to perform the duties that have been specifically mandated by the government. This principle does not support the imposition of liability for breach of a ministerial duty in this case, where there is no governmental mandate, but, rather, the instructions of a private manufacturer.

¶ 18. Meyers relies on a number of cases holding that, although public officials have the discretion whether to act in the first instance, once they choose to act they have a ministerial duty to act in a particular way. *See, e.g., Chart v. Dvorak,* 57 Wis. 2d 92, 102, 203

[7] Meyers cites *Druecker v. Salomon,* 21 Wis. 621 (1867), for a later statement that "[i]t is sometimes difficult to draw the exact line of distinction between ministerial and discretionary or judicial authority [and] [t]he same officer may act sometimes in one capacity, and sometimes in the other." *Id.* at 637. This proposition is true, but it does not aid in resolving the issue presented on this appeal.

N.W.2d 673 (1973) (stating that although decision whether to place sign is a legislative one, if a sign is placed it must conform to the directives of the highway commission); *Allstate Ins. Co. v. Metro. Sewerage Comm'n*, 80 Wis. 2d 10, 16, 258 N.W.2d 148 (1977) (stating that failure to perform ministerial duty would arise if manhole had not been placed according to the city commission's plan); *Major v. County of Milwaukee*, 196 Wis. 2d 939, 944–45, 539 N.W.2d 472 (Ct. App. 1995) (stating that county officers had discretion to decide whether to sell county property and to determine terms of sale, but once county entered into a contract, the officers had a ministerial duty to comply with its terms). However, in each of these cases, the source of the ministerial duty was governmental:   a directive or plan prepared by a governmental unit or a contract under which the governmental unit undertook certain obligations. None of these cases support treating a private manufacturer's instructions as a source for a ministerial duty. As the court in *Kierstyn v. Racine Unified School Dist.*, 228 Wis. 2d 81, 93, 596 N.W.2d 417 (1999), explained:   the public officers in these cases "were deemed to have a ministerial duty not because they elected to act. They were deemed to have a ministerial duty because they elected to act and the subject matter of their action imposed specific *legal* obligations on the manner in which they were to act." (Emphasis added.)[8]

---

[8] For the same reason, *Robinson v. Rohr*, 73 Wis. 436, 40 N.W. 668 (1888), which Meyers cites in her reply brief, does not support her position. There the court held that when adopting construction plans the members of the municipal board were exercising their judicial and legislative powers, but when they carried out the plan, they were acting in a ministerial capacity and therefore not immune from liability. *Id.* at 441.

¶ 19. We conclude that a ministerial duty is one that is imposed by law. "Law" in this context means, at a minimum, an act of government. "Law" includes "statutes, administrative rules, policies or orders[,]" *Ottinger v. Pinel*, 215 Wis. 2d 266, 274, 572 N.W.2d 519 (Ct. App. 1997), *overruled* on another point of law by *Bicknese*, 260 Wis. 2d 713, ¶¶ 18 n.3, 19; it includes plans adopted by a governmental unit, *Allstate Ins. Co.*, 80 Wis. 2d at 16; it includes contracts entered into by a governmental unit. *Major*, 196 Wis. 2d at 944–45. "Law" does not include the private manufacturer's instructions on the chair.

¶ 20. Accordingly, we conclude that Schultz did not have a ministerial duty to assemble the chair in a particular way. Because the rule is immunity and because the one exception to the rule that Meyers advances does not apply, we conclude the circuit court properly granted summary judgment in favor of Schultz.

*By the Court.*—Judgment affirmed.