COURT OF APPEALS
DECISION
DATED AND FILED

June 7, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP2079**

Cir. Ct. No. **2019CV508**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT III**

---

JANICE A. KLIKA,

   PLAINTIFF-APPELLANT,

 V.

CITY OF GREEN BAY,

   DEFENDANT-RESPONDENT,

CITIES AND VILLAGES MUTUAL INSURANCE COMPANY AND THE CINCINNATI INSURANCE COMPANY,

   DEFENDANTS,

BLUE CROSS BLUE SHIELD OF WISCONSIN,

   SUBROGATED DEFENDANT.

---

APPEAL from an order of the circuit court for Brown County: JOHN ZAKOWSKI, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Janice Klika appeals an order granting summary judgment and dismissing her personal injury claims against the City of Green Bay ("the City").  The circuit court concluded that the City was immune from suit under WIS. STAT. § 893.80(4) (2019-20)[1] because Klika failed to present any evidence establishing that the City or its Department of Public Works ("DPW") had notice of the defective sidewalk at issue as required by the City's "Sidewalk Installation Policy" ("sidewalk policy").  We agree and affirm.

## BACKGROUND

¶2     The material facts in this case are not in dispute for purposes of this appeal.  In February 2018, Klika lost her balance as she stepped on a crack in the sidewalk near the federal courthouse in Green Bay, where there was an approximately two-inch difference in elevation between two adjoining sidewalk sections.  Klika then stumbled and fell, resulting in injuries to her body.

¶3     At the time of Klika's fall, the City's sidewalk policy "order[ed] the replacement of sidewalks when the [DPW was] notified of a potentially hazardous sidewalk and a field inspection by the [DPW] reveal[ed] that the sidewalk [was] hazardous."  According to a City employee, a sidewalk would be considered

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

"defective" and "in need of repair" if there was a "difference in elevation of three-quarters of an inch" or more between two adjacent sidewalks.

¶4 Sometime between late 2015 and early 2017, the City had completed several projects in the immediate vicinity of the defective sidewalk, including its Forestry Division removing a tree, grinding out that tree's stump, and then later planting a new tree. Although the exact reasons for removing the tree are unclear, an employee of the City testified during his deposition that he believed the tree needed to be removed due to the emerald ash borer. After Klika reported her fall to the City, the City, through its DPW, investigated the sidewalk and determined that the defect in the sidewalk was likely caused by the roots of the removed tree. The City temporarily repaired and then replaced the sidewalk in the spring and summer of 2018.

¶5 Klika filed this action against the City and its insurer, alleging that the City was negligent and had violated the Wisconsin safe place statute, WIS. STAT. § 101.11. During the course of discovery, several of the City's employees testified that they had worked in the area of the defective sidewalk during their employment, but none of them testified that they noticed a defect in the sidewalk.

¶6 The City subsequently filed a motion for summary judgment, arguing that it was immune from suit under WIS. STAT. § 893.80(4). The circuit court agreed, concluding that Klika had failed to produce any evidence showing that the City had the necessary notice under its sidewalk policy for replacing the sidewalk. In particular, the court noted that

> [a]t most, [the forestry workers'] testimony shows [they] stood on the sidewalk where Klika fell. None of the workers testified that they noticed any problems with the sidewalk.… Thus, the forestry workers' testimony does not

show that the DPW or the City was notified of the potentially hazardous sidewalk where Klika fell.

The court granted the City's motion and dismissed all of Klika's claims against the City.

¶7    Klika now appeals.  Additional facts are provided below.

## DISCUSSION

¶8    We review a circuit court's summary judgment decision de novo, employing the same methodology as the circuit court.  ***Chapman v. B.C. Ziegler & Co.***, 2013 WI App 127, ¶2, 351 Wis. 2d 123, 839 N.W.2d 425.  Summary judgment must be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits establish that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  WIS. STAT. § 802.08(2).  Inferences to be drawn from the summary judgment materials are viewed in the light most favorable to the party opposing the motion. ***Lambrecht v. Estate of Kaczmarczyk***, 2001 WI 25, ¶23, 241 Wis. 2d 804, 623 N.W.2d 751.

¶9    In determining whether governmental immunity applies, we assume the municipality was negligent.  ***Lodl v. Progressive N. Ins. Co.***, 2002 WI 71, ¶17, 253 Wis. 2d 323, 646 N.W.2d 314.  Therefore, any factual disputes as to a municipality's negligence will not prevent summary judgment from being granted due to governmental immunity.  ***Meyers v. Schultz***, 2004 WI App 234, ¶10, 277 Wis. 2d 845, 690 N.W.2d 873.

¶10    Relying on ***Kobelinski v. Milwaukee & Suburban Transport Corp.***, 56 Wis. 2d 504, 202 N.W.2d 415 (1972), WIS. STAT. § 66.0907, and WIS JI—

CIVIL 8035 (2021), Klika argues that the City had a nondelegable duty to maintain its sidewalks and to use reasonable care to keep its sidewalks safe. For our purposes, we will assume without deciding that the City had a duty to safely maintain the sidewalk at issue because, again, our analysis of whether governmental immunity applies in this instance assumes that the City was negligent. *See Lodl*, 253 Wis. 2d 323, ¶17.

¶11 Under the governmental immunity statute, municipalities are immune from suit for "acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions."[2] WIS. STAT. § 893.80(4); *see also Engelhardt v. City of New Berlin*, 2019 WI 2, ¶21, 385 Wis. 2d 86, 921 N.W.2d 714. Wisconsin courts have interpreted this statutory language to provide municipalities with immunity for "any act that involves the exercise of discretion and judgment." *Lodl*, 253 Wis. 2d 323, ¶21.

¶12 As relevant to this appeal, a municipality is not immune from suit under WIS. STAT. § 893.80(4) if liability is associated with the municipality's

---

[2] A statutory exception, *see* WIS. STAT. § 893.83 (2009-10), previously provided that a municipality could be sued for "'insufficiency or want of repairs of any highway' [or sidewalk] *regardless* of whether the acts giving rise to the claim were discretionary." *Knoke v. City of Monroe*, 2021 WI App 6, ¶19, 395 Wis. 2d 551, 953 N.W.2d 889 (2020) (citing *Morris v. Juneau Cnty.*, 219 Wis. 2d 543, 561, 579 N.W.2d 690 (1998)); *see also Webster v. Klug & Smith*, 81 Wis. 2d 334, 339, 260 N.W.2d 686 (1978) (interpreting the word "highway" under WIS. STAT. § 81.15 (1977-78)—a predecessor statute to § 893.83 (2009-10)—to include sidewalks). In other words, municipalities would not have governmental immunity under WIS. STAT. § 893.80(4) for claims related to highway or sidewalk defects. *See Knoke*, 395 Wis. 2d 551, ¶19. The legislature later "repealed almost all of the language in WIS. STAT. § 893.83, including the provision that had previously allowed suits against the government for injuries caused by 'insufficiency or want of repairs of any highway.'" *Knoke*, 395 Wis. 2d 551, ¶20 (citation omitted). Now, "the only language [remaining] from the prior version [is] the [language providing] absolute immunity for snow and ice accumulations [that existed for less than three weeks]." *See id.*; *see also* § 893.83.

performance of a ministerial duty imposed by law.[3] *See Lodl*, 253 Wis. 2d 323, ¶24. A duty is ministerial "when it is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Engelhardt*, 385 Wis. 2d 86, ¶32 (citation omitted). "Law" imposing a ministerial duty may include statutes, administrative rules, policies and orders. *Meyers*, 277 Wis. 2d 845, ¶19.

¶13 Klika argues that the City had a ministerial duty under its sidewalk policy to repair the sidewalk once it learned that the sidewalk was defective. Relying on WIS JI—CIVIL 8035 (2021), Klika appears to argue that the City's sidewalk policy would impose a duty to replace the sidewalk if the City had either actual or constructive notice of the defect.[4] Klika further argues that a reasonable

---

[3] Klika argued to the circuit court and to this court in her brief-in-chief that the "known and compelling danger" exception to governmental immunity also applied. *See Knoke*, 395 Wis. 2d 551, ¶54 (recognizing that the known and compelling danger exception applies where the danger is so severe and so immediate that a response is demanded). Klika, however, expressly withdrew that argument in her reply brief. We therefore deem that argument abandoned, and we will not address it further.

[4] WISCONSIN JI—CIVIL 8035 (2021) provides in relevant part:

> [B]efore you may find (municipality) negligent because of the existence of a defective condition, you must first find that (municipality) through its officers or employees had either actual notice of the defect, or constructive notice, because the defect had existed for such a length of time before the accident that the municipality through its officers and employees in the exercise of ordinary care should have discovered it in time to remedy the defect.

(continued)

jury could infer from the evidence that the City's employees knew or should have known that the sidewalk was defective and needed to be repaired.[5]

¶14    In support of her argument, Klika cites the deposition testimony from several of the City's employees who worked near the defective sidewalk. For instance, David Blohowiak testified that he had an "opportunity … to notice the sidewalk area" when he helped cut down the nearby tree sometime in 2016, but he could not recall whether he noticed the defect in the sidewalk at that time. Daniel Krueger testified that he was in the area multiple times while working for the City and that he would have had "cause to be physically located on the sidewalk itself in the course of completing [his] assigned task." Kyle Kovnesky testified that he "[m]ore than likely … physically stepped on the sidewalk at some point" and that "probably everybody on the job stepped on the sidewalk during the course of [their work]." Nicholas Peterson testified he likely stood on the sidewalk during the course of planting the new tree. Mark Freberg testified that he had been in the area of the defective sidewalk "hundreds" of times during his

---

To the extent Klika argues that the City had a ministerial duty to fix the sidewalk under WIS JI—CIVIL 8035 alone, we conclude that it plainly did not. None of the language in WIS JI—CIVIL 8035 prescribes or defines the time, mode and occasion for repairing a sidewalk with such certainty that nothing remains for judgment or discretion. *See Engelhardt v. City of New Berlin*, 2019 WI 2, ¶32, 385 Wis. 2d 86, 921 N.W.2d 714. The jury instruction speaks only to the legal perquisites for a fact finder to find that a municipality was *negligent* for failing to remedy a defective condition.

[5] Klika argues that the City would have imputed notice of the defective sidewalk if any of its employees had knowledge of the defect in the sidewalk. We conclude, however, that Klika failed to present any evidence for which a reasonable fact finder could find that any employee had knowledge of the defective sidewalk. We therefore need not decide whether an employee's knowledge of the defective sidewalk would be imputed to the City. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (we need not address all issues raised by the parties if one is dispositive).

twenty-plus-year career with the City and that he probably walks the sidewalk in question a "few times a year."

¶15    Ultimately, we need not decide whether the City's sidewalk policy imposes a ministerial duty because Klika has failed to present any evidence that would allow a reasonable fact finder to find that the City had notice of the defective sidewalk, as is required by the City's sidewalk policy.  Although Klika seems to suggest that the City's notice under the sidewalk policy could be either actual or constructive, the sidewalk policy plainly requires actual notice.  Again, the sidewalk policy does not apply unless the City:  (1) *is notified* of a potentially hazardous sidewalk; and (2) an *inspection* by the DPW *reveals* that the sidewalk is in fact hazardous.  It is self-evident that the DPW could not perform an inspection that revealed the sidewalk was hazardous without first receiving actual notice of the defect.  Moreover, the notice instruction in WIS JI—CIVIL 8035 (2021) is inapplicable to our analysis because it explains the notice required to find the City negligent for failing to remedy a defective condition, not the notice needed under the City's sidewalk policy.

¶16    In addition, none of the evidence identified by Klika suggests—even when viewed in the light most favorable to her—that the City had actual notice that the sidewalk was potentially hazardous.  The City's employees acknowledged being in the area of the defective sidewalk or physically standing on the sidewalk, but none of them testified that they recalled seeing or noticing any condition with the sidewalk—let alone the defect that caused Klika to fall.  The close-up pictures of the defect, which showed a roughly two-inch height difference between the two slabs of concrete, also do not demonstrate any obvious or pronounced defect that would command the attention of the City's employees.  A fact finder would

therefore have to speculate as to whether any employee actually observed the defect in the sidewalk in order to find the City had any liability for Klika's fall.

¶17     Even if a fact finder could infer from the evidence that one of the City's employees had observed the defect in the sidewalk, there is still no evidence suggesting or creating a reasonable inference that such an employee determined the defect was hazardous.  Indeed, two employees testified that they were not familiar with the City's policy regarding sidewalk defects and had not been trained to inspect or identify sidewalk defects.  Likewise, another employee testified that he did not know the City's definition of a "defective" sidewalk offhand, and he could only define a defective sidewalk upon seeing an inspection checklist that instructed to check for a "[three-quarter inch] or greater difference in elevation of adjacent sidewalks."  Based on all of the evidence presented, a fact finder would again have to speculate that an employee determined the sidewalk was hazardous under the City's sidewalk policy.

¶18     Finally, it is undisputed that the City did not receive any outside complaints regarding the defective sidewalk before Klika fell.  The City's DPW director, Steven Grenier, averred in his affidavit that the DPW did not receive "any complaints with respect to sections of the sidewalk [at issue before Klika filed a notice of injury]."  Klika has not identified any evidence that disputes this fact.

¶19     In sum, no reasonable fact finder could find, on this record, that the City had the requisite notice of a defective sidewalk under its sidewalk policy. Because the City did not have the necessary notice, the City's sidewalk policy could not have mandated that the City replace or repair the sidewalk until Klika reported her fall.  Accordingly, the ministerial duty exception does not apply to the

facts of this case, and WIS. STAT. § 893.80(4) provides the City with immunity from liability for Klika's claims. The circuit court properly granted the City summary judgment and dismissed Klika's claims because no genuine issues of material fact exist regarding the City's immunity from suit.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.