In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 25-1883

TIRE TOWN AUTO LLC,

*Plaintiff-Appellant,*

*v.*

WOOD COUNTY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:24-cv-00282-wmc — **William M. Conley**, *Judge.*

_____

ARGUED DECEMBER 9, 2025 — DECIDED MAY 12, 2026

_____

Before HAMILTON, ST. EVE, and PRYOR, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Plaintiff Tire Town Auto LLC
operates towing services in Wood County, Wisconsin. For
years, Wood County included Tire Town on a list of towing
businesses that were available on a rotating basis to recover
vehicles on public roads. After fielding complaints about Tire
Town, Wood County removed it from the list. Tire Town filed
this suit complaining that Wood County violated its
procedural due process rights. The district court dismissed

Tire Town's case because it did not plausibly allege that it had a protected property interest in a spot on Wood County's towing rotation list. We agree and affirm the district court's judgment.

I.   *Factual Allegations and Procedural History*

We review de novo a district court's decision to dismiss on the pleadings. *Ratfield v. U.S. Drug Testing Laboratories, Inc.*, 140 F.4th 849, 851 (7th Cir. 2025). We accept all factual allegations in the complaint as true, drawing all reasonable inferences in the light most favorable to the plaintiff, but we need not accept alleged conclusions of law. *Yash Venture Holdings, LLC v. Moca Financial, Inc.*, 116 F.4th 651, 656 (7th Cir. 2024); *Oakland Police & Fire Retirement System v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017). We may also consider, as we do here, documents attached to the complaint as part of the pleadings. See Fed. R. Civ. P. 10(c).

Defendant Wood County operates a dispatch center for the county's emergency services. Among its responsibilities, the dispatch center arranges for the removal of disabled vehicles from roads in the county. It does so by dispatching a towing service from a list of private towing businesses that say they are ready, willing, and able to remove disabled vehicles. Being on the list can be a financial benefit for towing companies. The company contacted by the county dispatcher can charge the vehicle's owner for the costs of a tow, typically holding the vehicle until payment is made.

Wood County maintains a policy (which we call the Minimum Standards policy) for businesses on the towing rotation list. The county requires, for example, that towing companies be available to recover vehicles 24/7 and that they

maintain a minimum amount of liability insurance. Notably for this appeal, the Minimum Standards policy asserts that it is not a contract between Wood County and any towing businesses. Per the policy: "This application and parent policy do not constitute a contract or agreement between the Dispatch Center, Wood County, and/or the applicant [towing business]."

Plaintiff Tire Town offers towing services in Marshfield, Wisconsin, a town that straddles Wood County and Marathon County. Tire Town had been listed on Wood County's towing rotation list for a number of years. (The complaint does not include precise dates.) Tire Town alleges that in September 2021, Wood County received reports that some Tire Town employees had not been wearing reflective vests, in violation of the Minimum Standards policy, and the county warned Tire Town that any further infractions could lead to Tire Town's removal from the towing rotation list. Not long after, Wood County notified Tire Town that it was off the list for good. According to Tire Town's complaint, Wood County claimed that Tire Town had twice overcharged vehicle owners for tows, again in violation of the Minimum Standards policy.

Three years later, Tire Town filed this lawsuit under 42 U.S.C. § 1983 alleging that Wood County violated its due process rights under the Fourteenth Amendment. The district court dismissed Tire Town's amended complaint for failure to state a claim. The court concluded that Tire Town had not plausibly alleged it was deprived of a property interest subject to due process protection. Tire Town has appealed.

II. *Property Rights*

The Fourteenth Amendment protects people from being deprived by state actors of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1, cl. 3. To state a procedural due process claim based on deprivation of a property right, as Tire Town attempts here, a plaintiff must first allege that she has a constitutionally protected property interest. *Booker-El v. Superintendent, Indiana State Prison*, 668 F.3d 896, 900 (7th Cir. 2012). Since at least *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972), and *Perry v. Sindermann*, 408 U.S. 593 (1972), protected "property" has extended beyond "actual ownership of real estate, chattels or money." *Roth*, 408 U.S. at 572. But there are limits. As the Court explained in *Roth*: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id*. at 577. Further, "[p]roperty interests … are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.*

As Tire Town points out, a property interest need not be "codified in writing." *Forgue v. City of Chicago*, 873 F.3d 962, 970 (7th Cir. 2017). It could spring from unwritten "mutually explicit understandings" or a "legitimate and reasonable reliance on a promise from the government." *Id.*, quoting *Hannon v. Turnage*, 892 F.2d 653, 658 (7th Cir. 1990); see also *Vail v. Board of Education of Paris Union School District No. 95*, 706 F.2d 1435, 1440 (7th Cir. 1983) ("Legitimate and reasonable reliance on a promise from the state can be the source of property rights protected" by due process), aff'd by

equally divided Court, 466 U.S. 377 (1984); accord, *Perry*, 408 U.S. at 602–03 (in public university employment, "there may be an unwritten 'common law' in a particular university that certain employees shall have the equivalent of tenure").

Here, Tire Town has not plausibly alleged or identified an "independent source," written or otherwise, that would support a property interest. See *Roth*, 408 U.S. at 577. Tire Town points to no statute, regulation, or city ordinance under Wisconsin law that guarantees Tire Town or any other towing company a spot on a local government's towing rotation list.

Under some circumstances, contract rights can be deemed a form of property protected by due process. See generally, e.g., *Malhotra v. University of Illinois*, 77 F.4th 532, 537 (7th Cir. 2023); *Doe v. Purdue University*, 928 F.3d 652, 660 (7th Cir. 2019). Tire Town has not shown such a basis for due process here. Tire Town did not argue a contract-right theory, at least clearly, and in any event, the Minimum Standards policy did not provide Tire Town or any other business a contractual entitlement to be on the towing rotation list. As noted, the Minimum Standards policy expressly disavows that it is a contract at all. It also does not reflect any bargained-for exchange—the essence of a contract. The county did not pay Tire Town for any services, and Tire Town performed no services directly for the county.

Tire Town points out that it need not rely on written law or contract to allege a property interest. We agree with the general point, see *Forgue*, 873 F.3d at 970, but that does not advance Tire Town's position far enough to win reversal. If Tire Town is indeed relying on our cases on mutually explicit understandings (or on legitimate and reasonable reliance, see *Vail*, 706 F.2d at 1440), it does so by pointing only to the

Minimum Standards policy as a basis for its property interest. Under the policy, however, the county has broad discretion to remove businesses from the towing rotation list: "the Dispatch Center may withdraw the offer to any and all participants and/or applicants at any time for any appropriate reason." When "government officials may grant or deny [a benefit] in their discretion," as the county may here, the benefit simply "is not a protected entitlement." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005), citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462–63 (1989); see also *FKFJ, Inc. v. Village of Worth*, 11 F.4th 574, 591–93 (7th Cir. 2021) (affirming summary judgment on due process claim; renewal of business license was not a protected property interest when renewal was left to government discretion).[1]

Due process jurisprudence has long held that a public employee who can be terminated only for "good cause" has a property interest in her job subject to due process protections. E.g., *Gilbert v. Homar*, 520 U.S. 924, 928–29 (1997); *Grant v. Trustees of Indiana University*, 870 F.3d 562, 571 (7th Cir. 2017).

---

[1] In *O'Hare Truck Service, Inc. v. City of Northlake*, 47 F.3d 883 (7th Cir. 1995), rev'd on other grounds, 518 U.S. 712 (1996), we affirmed dismissal of a procedural due process claim in a case where a towing business claimed a similar property interest in remaining on a local towing rotation list. We recognized that other courts have found property interests in towing rotation lists. Those cases, we explained, were distinguishable because the courts were able to identify bases, such as a state statute or regulation, that supported the property interests. *Id.* at 886, citing *Pritchett v. Alford*, 973 F.2d 307, 317–18 (4th Cir. 1992); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231–32 (10th Cir. 1990); and *Gregg v. Lawson*, 732 F. Supp. 849, 853 (E.D. Tenn. 1989). Other cases involving towing rotation lists have similarly required such a basis. E.g., *Blackburn v. City of Marshall*, 42 F.3d 925, 938 (5th Cir. 1995); *Morley's Auto Body, Inc. v. Hunter*, 70 F.3d 1209, 1215–17 (11th Cir. 1995).

The public employment line of cases does not help Tire Town here. First, Tire Town's interest in being on a list of businesses eligible for towing dispatches simply is not comparable to a public employee's interest in her job. Second, the Minimum Standards policy said that the county may remove a business from the list "at any time for any appropriate reason," a standard that seems to us considerably looser than the well-established legal standard of "cause" or "good cause" for terminating employment. "A property interest of constitutional magnitude exists only when the state's discretion is 'clearly limited' such that the plaintiff cannot be denied the interest 'unless specific conditions are met.'" *Brown v. Michigan City*, 462 F.3d 720, 729 (7th Cir. 2006), quoting *Colburn v. Trustees of Indiana University*, 973 F.2d 581, 589 (7th Cir. 1992). Removal "at any time for any appropriate reason" does not impose any meaningful limit on Wood County's discretion. (We do not consider here the possibility that the county might act for a constitutionally suspect reason, such as a business owner's race, religion, or perhaps political affiliation.) The Minimum Standards policy did not guarantee Tire Town a spot on the list in the first place, nor did the policy meaningfully restrict the circumstances in which Tire Town or any other towing company could be removed.

Contrary to Tire Town's arguments, it also is not sufficient that local officials signed off on the policy and distributed it to participating towing businesses. For a plaintiff to invoke a property interest based on a "mutually explicit understanding," the understanding must indeed be mutual. Both the government and the plaintiff must expect that the plaintiff has a legitimate claim of entitlement to the benefit. This is an objective inquiry—no property interest springs from a mere unilateral expectation. See *Roth*, 408 U.S. at 577.

The fact that local officials approved of and circulated the policy does not mean that they had expected to create a property interest. Tire Town could not reasonably rely on the Minimum Standards policy as a source of a property right to stay on the towing rotation list.

Against this conclusion, Tire Town presents one final argument. In *O'Hare Truck Service*, while applying Illinois law, we recognized that "internal regulations"—like the Minimum Standards policy—could create property interests, but only "when they have the force of law." 47 F.3d at 886. Relying on language from *Meyers v. Schultz*, 277 Wis. 2d 845, 855–56 (Ct. App. 2004), Tire Town argues that "force of law" can include duties imposed by "statutes, administrative rules, policies or orders," and that the Minimum Standards *policy* thus could be deemed to have the "force of law" and support a protected property interest. This creative reading of *Meyers* stretches that opinion much too far. The question in *Meyers* was whether a private manufacturer's instructions about how to assemble a chair had the "force of law," such that a public employee's failure to assemble the chair properly amounted to a breach of a "ministerial" legal duty for purposes of Wisconsin law on tort claims against governmental entities. *Meyers* sheds no light on the question before us, and Tire Town has not pointed to any courts that have followed the approach it advocates here.

Because Tire Town has not plausibly alleged a property interest in its participation in the county's towing rotation, we need not reach its other arguments on appeal. The district court's judgment is AFFIRMED.