Michael D. DeFever, Olga O. DeFever, Scott A. Saxe, Kandie K. Saxe, Andrew M. Bley, Jennifer L. Bley, James D. Ziebarth, Patricia Boelkow, Kimberly Ann Christian, Eric S. Gissel, Stacey L. Sander-Gissel, Frank P. Raczon, Jeff Hart, Michele Hart, Karen Carlsen, and Joe Carlson, Plaintiffs-Appellants,

Liberty Mutual Insurance Company and Progressive Halcyon Insurance Company, Subrogated Plaintiffs,

v.

City of Waukesha and Waukesha Water Utility, Defendants-Respondents,

TDI Associates, Inc., Kendal Group, Ltd., Wisconsin Electric Power Company, Maass Excavating and Trucking, Inc., and Metropolitan Engineering, Incorporated, Defendants.

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty, Plaintiffs,

Vicki R. Huse, Eileen L. Zimmerman, Frank P. Raczon, Jeffrey M. Hart, Kimberly A. Christian, and Steven Setzke, Involuntary Plaintiffs,

v.

TDI Associates, Inc., The Kendal Group, LTD, Waukesha Water Utility, Wisconsin Electric

Power Company, Maass Excavating and
Trucking, Inc., and Metropolitan Engineering,
Incorporated, Defendants.

Court of Appeals

*No. 2006AP3053. Submitted on briefs September 25, 2007.
—Decided November 28, 2007.*

2007 WI App 266

(Also reported in 743 N.W.2d 848.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Jeff Scott Olson* of *The Jeff Scott Olson Law Firm, S.C.,* Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Tony A. Kordus* of *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. SNYDER, J. Michael D. DeFever and other tenants of the Kendal Glen Apartments (DeFever) appeal from the summary judgment dismissal of their claims against the City of Waukesha and Waukesha Water Utility (Waukesha) based upon governmental immunity. DeFever contends that Waukesha is not immune because it violated a ministerial duty and, further, that we should extend the "public officers" exception recognized for medical professionals to Waukesha's immunity claim. We disagree and affirm the summary judgment.

### BACKGROUND

¶ 2. On January 21, 2004, a water main ruptured under an entrance ramp to the underground parking garage of the Kendal Glen Apartments in Waukesha.

The escaping water caused flooding of approximately four feet in the underground parking garage. The flooding caused significant damage to the residents' property.

¶ 3. Adkins Construction, Inc.[1] installed the water main during the summer of 1998. Waukesha Water Utility employed an on-site inspector to ensure that the water main was installed according to specifications. The Wisconsin Department of Natural Resources has determined that water main pipes should be installed at a minimum depth of five to seven feet. Waukesha's inspector confirmed that the water main was installed at a proper depth of eight feet.

¶ 4. DeFever's experts determined that the water main break occurred at an elbow joint that was only about three feet below the surface of the entrance ramp to the underground parking garage. The break occurred because the water main pipe was not deep enough to prevent freezing. DeFever's expert explained that when water pipes are too shallow, the ground around the pipe can freeze making it more likely that the pipes will shift and break.

¶ 5. DeFever sued Waukesha for their role in the design and installation of the water main. Waukesha moved for summary judgment, arguing that the law of governmental immunity barred DeFever's claim. The circuit court, relying on *Milwaukee Metropolitan Sewerage District v. City of Milwaukee*, 2005 WI 8, 277 Wis. 2d 635, 652, 691 N.W.2d 658 (*MMSD*), concluded that the installation of the water main fell "squarely within the implementation of public works classification" and therefore was discretionary. It further held that the public officers exception was limited to medical

---

[1] The circuit court granted summary judgment in favor of Adkins and they are not a party to this appeal.

contexts. The court granted summary judgment in favor of Waukesha. DeFever appeals.

## DISCUSSION

¶ 6. DeFever presents one issue for review: Are the City of Waukesha and Waukesha Water Utility immune from suit for negligence in failing to ensure that a water main was installed at the depth required by law? We review the circuit court's order for summary judgment by applying the same methodology as the circuit court and our review is de novo. *Meyers v. Schultz*, 2004 WI App 234, ¶ 9, 277 Wis. 2d 845, 850, 690 N.W.2d 873. Summary judgment is proper when there is no genuine issue as to any material fact. WIS. STAT. § 802.08(2) (2005–06).[2] When there are no disputed facts, the determination of whether discretionary act immunity applies is a question of law, which we review de novo. *Meyers*, 277 Wis. 2d 845, ¶ 10.

*Governmental Immunity*

¶ 7. WISCONSIN STAT. § 893.80(4) provides that "[n]o suit may be brought against any . . . governmental subdivision . . . or against its officers, officials, agents or employees for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." When determining if governmental immunity applies, "legislative, quasi-legislative, judicial, or quasi-judicial functions" are synonymous with discretionary acts. *Willow Creek Ranch, L.L.C. v. Town of Shelby*, 2000 WI

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

56, ¶ 25, 235 Wis. 2d 409, 424–25, 611 N.W.2d 693. A discretionary act is one that involves an exercise of judgment when applying rules to the facts. *Id.*

¶ 8. In contrast, ministerial acts are not covered by governmental immunity. *Meyers*, 277 Wis. 2d 845, ¶ 12. A ministerial act involves an act that is an absolute and certain duty imposed by law, which prescribes the manner in which it is to be performed. *Willow Creek Ranch, L.L.C.*, 235 Wis. 2d 409, ¶ 27. The performance of a ministerial act does not require the use of judgment or discretion. *Id.* Law, in the context of a ministerial duty, "means, at a minimum, an act of government." *Meyers*, 277 Wis. 2d 845, ¶ 19. This would include "statutes, administrative rules, policies or orders." *Id.* (citation omitted).

¶ 9. DeFever argues that installing the water main at a proper depth is a ministerial duty imposed by relevant provisions of the Wisconsin Administrative Code. For support, DeFever directs us to the following rule:

> Adequate measures shall be taken to protect all portions of the water supply system from freezing. All private water mains and water services shall be installed below the predicted depths of frost specified in [the code] unless other protective measures from freezing are taken.

WIS. ADMIN. CODE § Comm. 82.40(8)(a)1 (July 2007). A private water main is defined as one that is "not part of the municipal water system," while a public water main is "a water supply pipe for public use owned and controlled by a public authority." WIS. ADMIN. CODE § Comm. 81.01(195), (199) (Nov. 2004). The record shows that the Kendal Glen water main is owned by Waukesha Water Utility and fits the definition of a public, not private,

water main. Therefore, § Comm. 82.40(8)(a) imposes no duty here, ministerial or otherwise.

¶ 10. DeFever also argues that the code imposes an unambiguous duty on Waukesha to place the water main at a specific depth:

> *Cover.* Sufficient earth or other suitable cover shall be provided over mains to prevent freezing. A minimum cover of 5 to 7 feet is required unless determined by the department to be unnecessary in specific cases. Insulation may be required at some installations to prevent freezing.

WIS. ADMIN. CODE § NR 811.66(2)(e) (June 2003).[3] This provision applies to "community water systems which are to be located in street rights-of-way or easements." WIS. ADMIN. CODE § NR 811.61. A "community water system" is defined as:

> [A] public water system which serves at least 15 service connections used by year-round residents or regularly serves at least 25 year-round residents. Any water system serving 7 or more homes, 10 or more mobile homes, 10 or more apartment units or 10 or more condominium units shall be considered a community water system unless information is provided by the owners indicating that 25 year-round residents will not be served.

WIS. ADMIN. CODE § NR 811.02(9). All "utility-owned mains" must be located in either a "public right-of-way" or a "readily accessible easement." WIS. ADMIN. CODE § PSC 185.52(1)(e) (Apr. 2007).

¶ 11. The City of Waukesha has a permanent easement to control and operate the water main, and

---

[3] All references to the Wisconsin Administrative Code are to the June 2003 version except where otherwise indicated.

the water main is owned by the Waukesha Water Utility. Tying all of these definitions together, we conclude that the Kendal Glen water main is part of a "community water system." Accordingly, Waukesha had a duty under WIS. ADMIN. CODE § NR 811.66(2)(e) to place the water main with a minimum cover of five to seven feet, or at such a depth as to prevent freezing. We accept that this was a ministerial act because the code prescribed the depth, or more specifically an acceptable range, at which installation was to be performed. *See Willow Creek Ranch, L.L.C.*, 235 Wis. 2d 409, ¶ 27. DeFever does not argue, however, that Waukesha failed to comply with this ministerial duty. The parties agree and the record confirms that the water main was installed with eight feet of soil covering it. Based on the record facts, we ascertain no breach of duty with regard to Waukesha's installation of the water main.

¶ 12. We turn, however, to the subsequent modifications to the construction site, which left the water main buried at a depth of approximately three feet. Waukesha argues that the design and implementation of the water system, in conjunction with the entire development plan, were discretionary acts covered by governmental immunity. In *MMSD*, the Milwaukee Metropolitan Sewerage District sued the City of Milwaukee to recover costs resulting from the rupture of a city water main. *MMSD*, 277 Wis. 2d 635, ¶ 2. The complaint alleged that the city failed to properly monitor, inspect, and repair or replace the water main. *Id.*, ¶ 3. The court held that "[d]ecisions concerning the adoption, design, and implementation of a public works system are discretionary, legislative decisions for which a municipality enjoys immunity." *Id.*, ¶ 9. Because MMSD could not point to laws directing the City how to inspect, monitor, and repair or replace the water main, the City's

duty was discretionary rather than ministerial. *See id.*, ¶¶ 56–60. (*MMSD* followed a line of cases where no ministerial duty was found in the design of public works.)

¶ 13. Here, administrative code provisions, "acts of government," imposed a ministerial duty on Waukesha to place the water main at a specified depth. *See Meyers,* 277 Wis. 2d 845, ¶ 19. However, we have located no statutes or rules regarding post installation inspections or modifications that would impose a ministerial duty on Waukesha under the circumstances presented. Waukesha installed the water main at an appropriate depth to prevent freezing. It was not until the surface was graded down to allow for the entrance ramp to the underground parking garage that the water main was no longer at the required depth. Interestingly, DeFever's expert, Albert R. Melbard, testified during his deposition that the decision to grade down for the entrance ramp was an issue of design. He explained that the design should have accounted for the grading in determining the depth of the water main. As explained in *MMSD*, "[d]ecisions concerning the adoption, design, and implementation of a public works system are discretionary, legislative decisions for which a municipality enjoys immunity." *MMSD,* 277 Wis. 2d 635, ¶ 9. We conclude that the design of the overall development, including the soil grading performed to place an entrance ramp for the underground parking garage, was a discretionary act and enjoys governmental immunity.

### Exception to Immunity for Public Officers

¶ 14. Our supreme court has recognized an exception to governmental immunity for the acts of officers in the medical context. *See Scarpaci v. Milwaukee*

*County*, 96 Wis. 2d 663, 686–87, 292 N.W.2d 816 (1980). In *Scarpaci*, the parents of a deceased child filed suit against the medical examiner's office for conducting an autopsy on the child against their express wishes. *Id.* at 666. The *Scarpaci* court concluded that:

> The defendants' acts in performing the actual procedure of an autopsy are discretionary in nature, but the discretion is medical, not governmental. The theory underlying the creation of immunity for government officials is that immunity will foster the fearless, vigorous and effective administration of policies of the government. That theory is not applicable to the exercise of normal medical discretion during an autopsy. The theory behind immunity for quasi-judicial decisions does not dictate an extension of the immunity to cover the medical decisions of medical personnel employed by a governmental body.

*Id.* at 686–87.

¶ 15. Since *Scarpaci*, the exception for public officers has been successfully extended on only two other occasions, both of which were in the medical context. First, we held that an exception exists for the medical discretion involved in psychiatric diagnosis and treatment. *Gordon v. Milwaukee County*, 125 Wis. 2d 62, 67–69, 370 N.W.2d 803 (Ct. App. 1985).[4] Shortly thereafter, we held that an exception exists for the medical discretion involved in post surgical care. *Protic v. Castle Co.*, 132 Wis. 2d 364, 369–70, 392 N.W.2d 119 (Ct. App. 1986), *abrogated on other grounds by Bicknese v.*

___

[4] *But see Kimps v. Hill*, 187 Wis. 2d 508, 522, 523 N.W.2d 281 (Ct. App. 1994) (Rejecting the proposition that "The distinction generally made in the application of the discretionary function exemption is between those decisions which are made on a policy or planning level, as opposed to those made on an operational level.").

*Sutula*, 2003 WI 31, 260 Wis. 2d 713, 660 N.W.2d 289. Wisconsin courts have repeatedly refused to extend this exception beyond the medical context.[5]

¶ 16. DeFever argues that the *Scarpaci* exception should be extended to city engineers because they are not merely administering government policies when designing a water main system, but are employing their professional discretion. DeFever also argues that an engineer fits *Kierstyn*'s definition of a "professional." *See Kierstyn v. Racine Unified School Dist.*, 228 Wis. 2d 81, 98, 596 N.W.2d 417 (1999). These arguments are misdirected. The court of appeals is an error-correcting court. *Cook v. Cook,* 208 Wis. 2d 166, 188, 560 N.W.2d 246 (1997). Because the supreme court has refused to recognize a "professional" exception beyond the medical context, *see Kierstyn,* we will not do so.

## CONCLUSION

¶ 17. We conclude that Waukesha fulfilled its ministerial duty under the administrative code sections governing public water mains by installing the Kendal Glen water main eight feet below ground. Therefore, no

---

[5] We refused to extend the "professional" exception to a park planning specialist who developed the procedures for finding missing persons at the park where the appellant's child went missing and drowned. *Stann v. Waukesha County,* 161 Wis. 2d 808, 817–18, 468 N.W.2d 775 (Ct. App. 1991). Our supreme court refused to extend the exception to an employee benefits specialist who gave incorrect information to a school district employee. *Kierstyn v. Racine Unified School Dist.*, 228 Wis. 2d 81, 98–99, 596 N.W.2d 417 (1999). The court reasoned that the exception should not be extended beyond the medical context to include all professionals and, that even if "professional" were the standard, a benefits specialist would not qualify. *Id.*

liability can attach for that act. Further, we conclude that the grading that was done subsequent to the installation was an aspect of site planning and involved discretionary decisions about the overall design of the development. Governmental immunity applies to discretionary duties and bars DeFever's negligence claims against the City and the Utility. Finally, we will not undertake to extend the exception, first set forth in *Scarpaci* for medical discretion exercised by medical professionals, to city engineers. The supreme court has held that this exception should not extend beyond the medical context. Accordingly, the order for summary judgment in favor of the City of Waukesha and Waukesha Water Utility is affirmed.

*By the Court.*—Order affirmed.