COURT OF APPEALS
DECISION
DATED AND FILED

December 3, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP2305**

Cir. Ct. No.  **2018CV479**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

NEVAEH S. MAYER, MINOR, BY HER GUARDIAN AD LITEM, VICTOR
C. HARDING, ANGELA MAYER AND DAVID MAYER,

PLAINTIFFS-APPELLANTS,

PHYSICIANS PLUS INSURANCE CORPORATION,

SUBROGATED-PLAINTIFF,

V.

COMMUNITY INSURANCE CORPORATION AND SCHOOL DISTRICT OF
FORT ATKINSON,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Jefferson County: ROBERT F. DEHRING, Judge. *Affirmed*.

Before Kloppenburg, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Nevaeh Mayer, by her guardian ad litem, along with her parents, Angela Mayer and David Mayer (collectively, Mayer), appeal a summary judgment order dismissing Mayer's personal injury claim against the School District of Fort Atkinson and its insurer, Community Insurance Corporation.  Mayer argues that the circuit court erred by concluding that the School District is entitled to governmental immunity under WIS. STAT. § 893.80(4) (2017-18).[1]  We reject Mayer's arguments and affirm the order of the circuit court.

## BACKGROUND

¶2     When in kindergarten, Nevaeh Mayer was injured during a physical education class while participating in an activity referred to as the "flying squirrel."  For this activity, students wear a helmet and are placed in a harness.  The harness is attached to one end of a rope with the use of a metal carabiner.  The rope is run over a pulley near the gymnasium ceiling, and the gym teacher holds the other end of the rope.  The teacher walks backward and the student moves in the opposite direction, resulting in the student being lifted off the ground.  When Mayer participated in this activity, she became dislodged from the harness while elevated and fell to the floor, sustaining injuries.  Mayer and her parents filed suit seeking damages for her injuries.  The circuit court granted summary judgment in

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

favor of the School District and its insurer, concluding that the District is entitled to governmental immunity under WIS. STAT. § 893.80(4). This appeal follows.

## DISCUSSION

¶3 "This court reviews summary judgment decisions *de novo*, applying the same standards employed by the circuit court." ***Smith v. Dodgeville Mut. Ins. Co.***, 212 Wis. 2d 226, 232, 568 N.W.2d 31 (Ct. App. 1997). The legal standard is whether there are any material facts in dispute that entitle the opposing party to a trial. ***Lambrecht v. Estate of Kaczmarczyk***, 2001 WI 25, ¶24, 241 Wis. 2d 804, 623 N.W.2d 751.

¶4 Whether the School District is immune from suit under WIS. STAT. § 893.80(4) is a question of law that this court reviews independently. *See* ***Kimps v. Hill***, 200 Wis. 2d 1, 8, 546 N.W.2d 151 (1996). The statute immunizes school districts, among other governmental units, from liability for acts that involve the exercise of discretion or judgment. *See* ***Noffke v. Bakke***, 2009 WI 10, ¶41, 315 Wis. 2d 350, 760 N.W.2d 156. However, the governmental immunity doctrine is qualified by several exceptions. A governmental immunity analysis presumes the existence of negligence, and focuses on whether the act or omission upon which liability is premised falls within one of the judicially established exceptions. ***Lodl v. Progressive N. Ins. Co.***, 2002 WI 71, ¶17, 253 Wis. 2d 323, 646 N.W.2d 314.

¶5 There are two exceptions relevant to this appeal. First, immunity is not available if the conduct involved a non-discretionary, ministerial duty imposed by law. *See* ***Lister v. Board of Regents of Univ. of Wis. Sys.***, 72 Wis. 2d 282, 300-01, 240 N.W.2d 610 (1976). A ministerial action or duty is one that is "'absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for

its performance with such certainty that nothing remains for judgment or discretion.'" *Pries v. McMillon*, 2010 WI 63, ¶22, 326 Wis. 2d 37, 784 N.W.2d 648 (quoting *Lister*, 72 Wis. 2d at 301). Second, there is no immunity from liability for acts associated with "known and compelling dangers" giving rise to ministerial duties on the part of public officers or employees. *Lodl*, 253 Wis. 2d 323, ¶24. The theory of this exception is that, when a danger known to a public officer or employee is of such a compelling force, that person is without discretion or judgment and has an absolute, certain, and imperative duty to act. *See id.*, ¶34. The circuit court determined that neither the ministerial duty nor the known and compelling danger exceptions to immunity applied in this case. We address Mayer's arguments as to each exception in turn.

¶6      Pursuant to the first exception described above, Mayer argues that the School District failed to discharge the ministerial duties created by its own teachers, as well as the duties created by the manufacturers of the equipment used during the flying squirrel activity. As for Mayer's argument directed at duties created by the teachers, included in the summary judgment record are "Flying Squirrel Rules" that were developed by physical education teachers Patricia Brain and Jeffrey Jensen. Brain averred during her deposition that she and Jensen put the rules together as a guide for them to go through when teaching the flying squirrel in class. Mayer argues that these rules created a ministerial duty, that the teachers failed to perform that duty, and that the School District therefore is not entitled to governmental immunity. Mayer further argues that the School District and its teachers had a ministerial duty to follow the manufacturer's instructions and specifications for the harness used, and that they failed to discharge that duty. We are not persuaded by either argument.

4

¶7 "A ministerial act involves an act that is an absolute and certain duty imposed by law, which prescribes the manner in which it is to be performed." *DeFever v. City of Waukesha*, 2007 WI App 266, ¶8, 306 Wis. 2d 766, 743 N.W.2d 848. This court has held that "law," in the context of a ministerial duty, "'means, at a minimum, an act of government'" and includes statutes, administrative rules, policies, or orders. *Id.* (quoting *Meyers v. Schultz*, 2004 WI App 234, ¶19, 277 Wis. 2d 845, 690 N.W.2d 873). Here, Mayer fails to establish that the flying squirrel rules were imposed by any governmental action. On the contrary, the summary judgment record establishes that Jensen and Brain used their judgment to make determinations for all aspects of the activity, from the type of harness and rope used to how to conduct the activity in class. We conclude, as did the circuit court, that the creation and implementation of the rules created by Jensen and Brain for the flying squirrel activity were the result of the teachers' exercise of discretion and judgment, and not a ministerial duty imposed by law. Thus, the School District is entitled to governmental immunity under WIS. STAT. § 893.80(4). See *Lodl*, 253 Wis. 2d 323, ¶21 (acts immunized under the statute have been "interpreted to include any act that involves the exercise of discretion and judgment").

¶8 As for Mayer's argument directed at instructions from the manufacturers of the harness and carabiner, the proposition that the instructions of a private manufacturer constitute a governmental mandate giving rise to a ministerial duty was rejected directly by this court in *Meyers*. There, we stated:

> [I]ndividuals have a right to expect public officers and employees to perform the duties that have been specifically mandated by the government. This principle does not support the imposition of liability for breach of a ministerial duty in this case, where there is no governmental mandate, but, rather, the instructions of a private manufacturer.

*Meyers*, 277 Wis. 2d 845, ¶17. Applying that principle here, we summarily reject Mayer's argument that the manufacturer's instructions for the equipment used in the flying squirrel activity gave rise to a ministerial duty on the part of Brain, Jensen, or the School District.

¶9    Pursuant to the second exception described above, Mayer argues that the flying squirrel activity falls under the known and compelling danger exception to governmental immunity. In support of this argument, Mayer cites several cases in which Wisconsin courts concluded that the known and compelling danger exception applied. However, those cases are distinguishable on their facts.

¶10    In *Voss v. Elkhorn Area School District*, 2006 WI App 234, 297 Wis. 2d 389, 724 N.W.2d 420, students learned about the effects of alcohol by wearing "fatal vision goggles" while performing various exercises, such as standing on one leg and retrieving tennis balls thrown across the room. *Id.*, ¶¶2-4. There were initial problems with students stumbling and colliding into each other and, ultimately, a student was injured when she fell and hit her mouth on a desk. *Id.*, ¶¶3, 6. The court concluded that, given the manner in which students were stumbling or falling, even before the plaintiff's injury, it should have been self-evident to the teacher that the activity was hazardous and the only option was to stop it. *Id.*, ¶20. In contrast, here there were no previous injuries over the course of 14 years of conducting the flying squirrel activity in physical education class. Mayer fails to persuasively explain how *Voss* is analogous to the present case.

¶11    Mayer also cites *Cords v. Anderson*, 80 Wis. 2d 525, 538, 259 N.W.2d 672 (1977), in which our supreme court applied the known and compelling danger exception when a park manager failed to warn the public of a 90-foot gorge located inches from a hiking trail. The court wrote that "the duty to

either place warning signs or advise superiors of the conditions is, on the facts here, a duty so clear and so absolute that it falls within the definition of a ministerial duty." *Id.* at 542. Our supreme court followed *Cords* in another case that Mayer relies upon, *Engelhardt v. City of New Berlin*, 2019 WI 2, ¶2, 385 Wis. 2d 86, 921 N.W.2d 714, which involved a child who drowned while attending a pool outing with a summer day camp run by the city parks and recreation department. The child's mother informed the playground coordinator in charge of the outing that her child did not know how to swim, and was told it would be safe because the child's swimming ability would be evaluated in shallow water. The supreme court held that the known danger exception applied and that the city was not entitled to governmental immunity. *Id.*, ¶63. Likening the facts in *Engelhardt* to those in *Cords* and *Voss*, the court stated:

> The nature of the danger here was immediate, compelling, and self-evident. The danger was like hiking a trail with a treacherous cutback along a steep gorge at night, attempting to go after a tennis ball in a classroom full of desks while wearing goggles that simulate a .10 BAC …. The danger was "of such force" that [the playground coordinator] had no discretion not to act—the circumstances of the situation imposed upon him a ministerial duty to test [the child's] swimming ability before she got into the water.

*Engelhardt*, 385 Wis. 2d 86, ¶54.

¶12     Mayer asserts that the flying squirrel activity is a known and compelling danger akin to those in *Cords* and *Engelhardt*. We are not persuaded. In *Cords*, the park official knew the unlit path was inches from a high cliff and did nothing to provide warning. In *Engelhardt*, the playground coordinator knew the child could not swim. Mayer fails to identify anything in the summary judgment record to suggest that the physical education teachers or any other school officials

knew of any problems with the rope, harness, carabiner, or any other aspect of the flying squirrel activity prior to the administration of the activity in Mayer's class.

¶13 The known danger exception "'has been reserved for situations that are more than unsafe, where the danger is so severe and so immediate'" that a response is demanded. *Umansky v. ABC Ins. Co.*, 2009 WI 82, ¶14 n.7, 319 Wis. 2d 622, 769 N.W.2d 1 (quoted source omitted). Mayer has failed to identify facts showing that the alleged hazard in this case was so clear and absolute, and so certain to cause injury, as to constitute a known and compelling danger. Therefore, the circuit court properly granted summary judgment in favor of the School District.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.